UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JULIA BASILE,                                    **ANSWER**

                Plaintiff,

                                              07 Civ. 11247 (CLB)

    -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
smdNew York,
                Defendants.
------------------------------------------------------------x

       For the answer to the complaint of the plaintiffs in the above entitled case, defendant, WALTER SPAGNOLA, by his attorneys, MEDINA, TORREY, SANTANGELO, MAMO and CAMACHO, P.C., say:

## NATURE OF ACTION

       1.     The allegations contained in paragraph "1" of the complaint constitute conclusions of law to which defendants makes no answer except to demand strict proof thereof and respectfully refer any and all questions of law to this Honorable Court. Further, defendant denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

## JURISDICTION

       2.     The allegations contained in paragraph "2" of the complaint constitute conclusions of law to which defendants makes no answer except to demand strict proof thereof and respectfully refer any and all questions of law to this Honorable Court. Further, defendant denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

## THE PARTIES

3. Defendant admits the allegations contained in paragraph "3" of the complaint.

4. Defendant denies the allegations contained in paragraph "4" of the plaintiff's complaint except admits that defendant Spagnola has been employed by the Authority as a "Supervisory Bridge Painter".

5. Defendant denies the allegations contained in paragraph "5" of the plaintiff's complaint except admits that defendant Eschrich was employed as a "Supervisory Bridge Painter II" by the Authority".

6. There is no paragraph "6" in plaintiff's complaint.

7. Defendant denies the allegations contained in paragraph "7" of the plaintiff's complaint except admits that defendant Iuele was employed by the authority as a "Bridge Maintenance Engineer"

8. Defendant denies the allegations contained in paragraph "8" of the plaintiff's complaint except admits that defendant Delowe was employed by the Authority as a "Rigger".

9. Defendant denies the allegations contained in paragraph "9" of the plaintiff's complaint except admits that defendant Mehta was employed by the Authority as the Director of the New York Region.

10. Defendant denies the allegations contained in paragraph "10" of the plaintiff's complaint except admits that the state is a public authority which operates/maintains the bridge.

## THE FACTS

11.  Defendant denies the allegations contained in paragraph "11" of the plaintiff's complaint.

12.  Defendant denies the allegations contained in paragraph "12" of the plaintiff's complaint excepts deny knowledge or information concerning any alleged statements made by defendant DeLowe.

13.  Defendant denies the allegations contained in paragraph "13" of the plaintiff's complaint.

14.  Defendant denies the allegations contained in paragraph "14" of the plaintiff's complaint.

15.  Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of plaintiff's complaint.

16.  Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of plaintiff's complaint.

17.  Defendant denies the allegations contained in paragraph "17" of the plaintiffs' complaint.

## ANSWERING A FIRST CLAIM AGAINST THE AUTHORITY

18.  Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

17.  Defendant denies the allegations contained in paragraph "17" of the plaintiff's complaint.[1]

---

[1] Plaintiff has misnumbered this paragraph in the complaint.

## ANSWERING A SECOND CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

18. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

19. Defendant denies the allegations contained in paragraph "19" of the plaintiff's complaint.

## ANSWERING A THIRD CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

20. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

21. Defendant denies the allegations contained in paragraph "21" of the plaintiff's complaint.

## ANSWERING A FOURTH CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

22. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

23. Defendant denies the allegations contained in paragraph "23" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. The Court lacks subject matter jurisdiction over the case in controversy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. The answering defendant alleges that the Complaint on file herein fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Any conduct which is alleged by plaintiff is *de minimis* and insubstantial and as such the allegations fail to establish a claim upon relief under 42 U.S.C. Section 1983.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. The answering defendant alleges that any harm which came to plaintiff was a direct and proximate result of plaintiff's own actions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. At all times relevant hereto, plaintiff was treated in manner as other employees in similar circumstances.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff has failed to exhaust her administrative remedies and/or State Court remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff's, rights, privileges and immunities secured under the Constitution, or laws of the United States, if they exist at all, have not been violated by an alleged action of the defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. Some or all of plaintiff's claims may be barred by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. This answering defendant incorporates any affirmative defense plead by any other defendant herein.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claim of conspiracy is barred by the "intercorporate conspiracy doctrine".

**W H E R E F O R E,** the defendant prays judgment that the complaint of the plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to defendants.

Dated: Hawthorne, New York
       February 11, 2008

Yours, etc.,

MEDINA, TORREY, SANTANGELO, MAMO and CAMACHO, P.C.

By: _____
Michael G. Santangelo - 0543
Attorneys for Defendant-SPAGNOLA
95 Beekman Avenue
Sleepy Hollow, New York 10591

TO:   LOVETT & GOULD, LLP
      Attorneys for Plaintiff
      222 Bloomingdale Road
      White Plains, New York 10605
      (914) 428-8401

      AAG JOSH PEPPER
      State of New York
      Office of the Attorney General
      120 Broadway
      New York, New York 10271

## CERTIFICATE OF SERVICE

I, MICHAEL G. SANTANGELO, hereby certify that on February 11, 2008, I served the within ANSWER, upon the attorneys of record, by mailing a copy thereof, postage prepaid, the address as provided to defendants by notification from this Court as:

TO:  LOVETT & GOULD, LLP
     Attorneys for Plaintiff
     222 Bloomingdale Road
     White Plains, New York 10605
     (914) 428-8401

     AAG JOSH PEPPER
     State of New York
     Office of the Attorney General
     120 Broadway
     New York, New York 10271

_____
MICHAEL G. SANTANGELO- 0543