UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Original Filed By ECF

JULIA BASILE,

                    Plaintiff,

     -against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DLOUGHY, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

                    Defendants.

Docket Number 07-Civ.-11247
(CLB) (LMS)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

ANDREW M. CUOMO
Attorney General of the
  State of New York
*Attorney for the Defendants*
120 Broadway
New York, New York 10271
(212) 416-8567

JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    PLAINTIFF'S TITLE VII RETALIATION CLAIM AGAINST THE AUTHORITY
      REQUIRES DISMISSAL BECAUSE PLAINTIFF HAS NOT EXHAUSTED HER
      ADMINISTRATIVE REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   PLAINTIFF CANNOT MAINTAIN HER EQUAL-PROTECTION CLAIM
      AGAINST THE INDIVIDUAL DEFENDANTS BASED ON ALLEGED
      RETALIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.  THE INTRA-CORPORATE CONSPIRACY DOCTRINE BARS PLAINTIFF'S
      CONSPIRACY CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.   PLAINTIFF HAS FAILED TO ALLEGE A FIRST AMENDMENT
      RETALIATION CLAIM AGAINST THE INDIVIDUAL DEFENDANTS . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Alexander v. City of New York*,
    2004 WL 1907432 (S.D.N.Y. Aug. 25, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atl. Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bernheim v. Litt*,
    79 F.3d 318 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Bland v. State of New York*,
    263 F. Supp.2d 526 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cameron v. Church*,
    253 F. Supp.2d 611 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carrero v. N.Y.C. Housing Auth.*,
    975 F. Supp. 501 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Collins v. Christopher*,
    48 F. Supp.2d 397 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Connick v. Myers*,
    461 U.S. 138 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cruz v. N.Y.C. Taxi and Limousine Comm.*,
    2007 WL 4243861 (S.D.N.Y. Nov. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*DeFilippo v. N.Y.S. Unified Court Sys.*,
    2006 WL 842400 (E.D.N.Y. Mar. 27, 2006), *aff'd,* 223 Fed. Appx. 45 (2d
    Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*De Los Santos v. City of New York*,
    482 F. Supp.2d 346 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ezekwo v. N.Y.C. Health & Hosps. Corp.*,
    940 F.2d 775 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991) . . . . . . . . . . . . . . . . 7, 9

*Hayden v. County of Nassau*,
    180 F.3d 42 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hermann v. Moore*,
    576 F.2d 453 (2d Cir. 1978), *cert. denied,* 439 U.S. 1003 (1978) . . . . . . . . . . . . . . . . . 6

*Holtz v. Rockefeller & Co., Inc.*,
    258 F.3d 62 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Henneberger v. Nassau,*
    465 F. Supp.2d 176 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lange v. Town of Monroe,*
    213 F. Supp.2d 411 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lewis v. Cowen,*
    165 F.3d 154 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Luca v. Nassau,*
    2007 WL 1343670 (E.D.N.Y. May 8, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Miller v. Int'l Tel. & Teleg. Corp.,*
    755 F.2d 20 (2d Cir. 1985), *cert. denied,* 474 U.S. 851 (1985) . . . . . . . . . . . . . . . . . . . . . 3

*Payne v. Meeks,*
    200 F. Supp.2d 200 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reidinger v. D'Amicantino,*
    974 F. Supp. 322 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rivera-Powell v. N.Y.C. Board of Elections,*
    470 F.3d 458 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rothman v. Gregor,*
    220 F.3d 81 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ruotolo v. City of New York,*
    -- F.3d --, 2008 WL 313795 (2d Cir. Feb. 6, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Saulpaugh v. Monroe Comm. Hosp.,*
    4 F.3d 134 (2d Cir. 1993), *cert. denied,* 510 U.S. 1164 (1994) . . . . . . . . . . . . . . . . . . 8, 9

*Scott v. Goord,*
    2004 WL 2403853 (S.D.N.Y. Oct. 27, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sebold v. Middletown,*
    2007 WL 2782527 (D. Conn. Sept. 21, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Settecase v. Port Authority of N.Y. and N.J.,*
    13 F. Supp.2d 530 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Thorpe v. Luisi,*
    2005 WL 1863671 (S.D.N.Y. Aug. 4, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tiltti v. Weise,*
    155 F.3d 596 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Worthington v. Suffolk,*
    2007 WL 2115038 (E.D.N.Y. July 20, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Federal Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

42 U.S.C. § 1985(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6

**Federal Rules**

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendants RICHARD IUELE ("Iuele"), DONNY ESCHRICH ("Eschrich"), KEVIN DLOUGHY ("Dloughy"), RAMESH MEHTA ("Mehta") (collectively the "Individual Defendants")[1] and NEW YORK STATE THRUWAY AUTHORITY (the "Authority") in support of their Motion To Dismiss the Complaint ("Compl.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  Plaintiff asserts four causes of action – one against the Authority, and three against the Individual Defendants – but none is sustainable.

Plaintiff's first cause of action, against only the Authority, asserts that the Authority retaliated against her in violation of Title VII.  Plaintiff cannot maintain this action because she has not exhausted her administrative remedies.

Plaintiff's second cause of action asserts a § 1983 claim against the Individual Defendants for allegedly violating "her right to Equal Protection by reason of her gender."  Compl. ¶ 17. Plaintiff does not allege, however, that any of the Individual Defendants have treated her differently on account of her sex.  Plaintiff alleges only retaliation, which does not state an Equal Protection claim.

Plaintiff's third cause of action asserts a conspiracy of the Individual Defendants in violation of 42 U.S.C. § 1985(2).  The intra-corporate conspiracy doctrine bars this claim.

Plaintiff's fourth cause of action asserts a First Amendment retaliation claim against the Individual Defendants.  However, the only speech on which Plaintiff relies in support of her

---

[1] The Attorney General does not represent Walter Spagnola ("Spagnola"), another individual defendant in this action.  The term "Individual Defendants" will refer only to those individuals represented by the Attorney General.

retaliation claim is her previous lawsuit in 2005, which solely concerned her claims of sexual harassment.  Because that lawsuit related only to Plaintiff's individual situation and not to some broader public purpose, the lawsuit does not constitute protected speech that would support a § 1983 claim.

<div align="center">**STATEMENT OF FACTS**</div>

Plaintiff began working as a welder for the Authority in April 2003.  Compl. ¶ 3.  At all times relevant to the Complaint, Plaintiff was working as a welder at the Tappan Zee Bridge.[2]  *Id.*

In 2005, Plaintiff filed a lawsuit (the "2005 Complaint," attached hereto as Exhibit A)[3] against the Authority, Spagnola, Eschrich, Iuele, and two other individuals.  Compl. ¶ 3.  In the 2005 Complaint, Plaintiff alleged that Spagnola had subjected her to unwelcome sexual advances, daily observed her through binoculars, stared at her, expressed obscenities to her, telephoned her at her home, invited himself to her home for dinner, and also invited her to his cabin.  Ex. A, ¶ 10.  In addition, Plaintiff claimed that she had complained about Spagnola's conduct to the other individual defendants but purportedly had not received an adequate response.  Ex. A, ¶¶ 12-14.  As a result of this lawsuit, Plaintiff obtained a verdict against Spagnola.[4]  Compl. ¶ 3.

---

[2] The Complaint states that Plaintiff "continues to be" a welder at the Tappan Zee Bridge.  Compl. ¶ 3.  Since the filing of the Complaint, Plaintiff has transferred, by agreement of the parties, to another position with the Authority and no longer works at the Tappan Zee Bridge.

[3] The 2005 Complaint is attached here for the convenience of the Court.  Plaintiff relied upon it in her Complaint in this action, and it is thus part of the Complaint.  *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000).  Also, it is in the public record, and this Court can take judicial notice of its content.  *Id.* at 92.

[4] On April 12, 2007, summary judgment was entered in favor of the Authority, Eschrich, Iuele, and two other Authority employees.  Case No. 05-cv-10699, Docket Entry # 54.

Plaintiff took a leave of absence from which she returned to work in August 2007. Compl. ¶ 5. In this pending Complaint, Plaintiff now alleges that since her return, Defendants have attempted to murder her in retaliation for the unsuccessful lawsuit against them and the verdict against Spagnola. Compl. ¶¶ 5, 10. More specifically, she claims that on an unspecified date, her truck inexplicably began slowly rolling forward. Compl. ¶ 11. When the truck nearly ran over the acetylene and oxygen tubes that ran to Plaintiff's equipment, Plaintiff's co-worker discovered the problem, stopped the truck, and placed it in "park." *Id.* On another unidentified occasion, Plaintiff performed work on a scaffolding whose rigging Plaintiff alleged to be defective. Compl. ¶ 12. On a third unidentified occasion, a hole blew out of the hose that connected an air compressor to Plaintiff's blowtorch. Compl. ¶ 13. Plaintiff also alleges unspecified tampering with her truck, her fuel tanks, and her air compressor. Compl. ¶ 14.

Plaintiff seeks only monetary damages and does not seek injunctive relief against the Defendants. Compl. ¶ 23.

## ARGUMENT

I.    **PLAINTIFF'S TITLE VII RETALIATION CLAIM AGAINST THE AUTHORITY REQUIRES DISMISSAL BECAUSE PLAINTIFF HAS NOT EXHAUSTED HER ADMINISTRATIVE REMEDIES.**

A plaintiff may bring an employment discrimination action under Title VII only after filing a timely charge with the EEOC or similar state or local agency. *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 82-83 (2d Cir. 2001). Exhaustion of remedies is a precondition to suit. *Id.* at 83. To allow otherwise would defeat the statutory framework of Title VII, which is intended to encourage settlement through conciliation and voluntary compliance. *Miller v. Int'l Tel. & Teleg. Corp.,* 755 F.2d 20, 26 (2d Cir. 1985), *cert. denied,* 474 U.S. 851 (1985).

Here, Plaintiff makes no allegation that she ever filed a charge with the EEOC, the New York State Human Rights Commission, or any other agency.  Consequently, Plaintiff has not met the requirement of exhaustion of her remedies, and her Complaint requires dismissal.

## II.  PLAINTIFF CANNOT MAINTAIN HER EQUAL-PROTECTION CLAIM AGAINST THE INDIVIDUAL DEFENDANTS BASED ON ALLEGED RETALIATION.

Plaintiff asserts in her Second Cause of Action that the Individual Defendants violated her right to Equal Protection under the Fourteenth Amendment.  Compl. ¶ 19.  Plaintiff asserts no facts in support of this claim; she alleges merely that the Individual Defendants caused her "to suffer [unspecified] denials of her right to Equal Protection by reason of her gender."  Compl. ¶ 17.  This does not state an Equal Protection claim under § 1983.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).  The complaint must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1965.  To state an Equal Protection claim, a plaintiff must allege that the defendant has "distinguishe[d] between individuals based on 'unreasonable, arbitrary, or capricious differences that are irrelevant to a legitimate government objective,'" *Bernheim v. Litt,* 79 F.3d 318, 323 (2d Cir. 1996) (internal citations omitted), and that such conduct was intentional.  *Hayden v. County of Nassau,* 180 F.3d 42, 48 (2d Cir. 1999).

Nowhere in the Complaint has Plaintiff alleged any purposeful discriminatory conduct based on her sex, much less that any of the Individual Defendants subjected Plaintiff to different treatment based on her sex.  Stated otherwise, Plaintiff's Equal Protection claim is confined to her lone statement in paragraph 17 regarding her unspecified denials of Equal Protection based

-4-

on her sex. This manner of conclusory pleading does not state a § 1983 Equal Protection claim. *See Rivera-Powell v. N.Y.C. Board of Elections,* 470 F.3d 458, 470 (2d Cir. 2006) (holding that conclusory allegation of racial discrimination in disqualifying candidate for public office did not state Equal Protection claim); *Cruz v. N.Y.C. Taxi and Limousine Comm.,* 2007 WL 4243861, at *3 (S.D.N.Y. Nov. 29, 2007) (holding that conclusory allegation that TLC had refused assistance because he was Hispanic did not state Equal Protection claim).

Nor does Plaintiff state a claim under § 1983 by alleging retaliation for a previous lawsuit. Although Plaintiff may bring a retaliation claim under Title VII, no right exists under the Equal Protection Clause to duplicate this claim. *Bernheim,* 79 F.3d at 323 (finding, in affirming dismissal of putative § 1983 retaliation claim styled as an Equal Protection claim, that "we know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of [] discrimination"). The same result should follow here. Plaintiff cannot use § 1983 as a vehicle to assert a putative Title VII retaliation claim.[5] *See also Lange v. Town of Monroe,* 213 F. Supp.2d 411, 419 (S.D.N.Y. 2002); *Worthington v. Suffolk,* 2007 WL 2115038, at *2 (E.D.N.Y. July 20, 2007); *Luca v. Nassau,* 2007 WL 1343670, at *5 (E.D.N.Y. May 8, 2007). This claim warrants dismissal.

## III.   THE INTRA-CORPORATE CONSPIRACY DOCTRINE BARS PLAINTIFF'S CONSPIRACY CLAIM.

In her Third Cause of Action, Plaintiff asserts that the Individual Defendants violated 42 U.S.C. § 1985(2). Compl. ¶ 21. This statute prohibits two or more individuals from conspiring to deter a person from attending or testifying at judicial proceedings or to injure a person for

---

[5]Notably, to do so would allow a plaintiff to bypass Title VII's administrative exhaustion requirement and circumvent Title VII's limits on damages.

having done so.  42 U.S.C. § 1985(2).

Under the intra-corporate conspiracy doctrine, no such conspiracy exists where all of the alleged conspirators acted as agents of a single entity, each acting within the scope of his employment.  *Hermann v. Moore,* 576 F.2d 453, 459 (2d Cir. 1978), *cert. denied,* 439 U.S. 1003 (1978).  The officers of a single corporate entity are legally incapable of conspiring together.  *Id.; Henneberger v. Nassau,* 465 F. Supp.2d 176, 196 (E.D.N.Y. 2006) (holding that employees of county could not conspire to discriminate against plaintiff on basis of age).  Conspiracy requires participation by an external party.  *Cameron v. Church,* 253 F. Supp.2d 611, 623 (S.D.N.Y. 2003) (holding that agents of county could not conspire to force plaintiff's resignation).  *See also Scott v. Goord,* 2004 WL 2403853, at *13 (S.D.N.Y. Oct. 27, 2004) (holding that employees of state Department of Correctional Services could not conspire to deny medical care to plaintiff).

At all times as alleged in the Complaint, the Individual Defendants all acted as agents of the Authority.  Compl. ¶¶ 4-10.  Thus, as agents of the Authority, the Individual Defendants legally could not have conspired amongst themselves.  Accordingly, the § 1985(2) conspiracy claim requires dismissal.

## IV.    PLAINTIFF HAS FAILED TO ALLEGE A FIRST AMENDMENT RETALIATION CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.

In her Fourth Cause of Action, Plaintiff asserts that the Individual Defendants retaliated against her in violation of the First Amendment.  Compl. ¶ 23.  She alleges that the Individual Defendants have attempted to kill or injure Plaintiff for having filed suit for sexual harassment against the Authority and for having obtained a verdict adverse to Spagnola.  Compl. ¶¶ 3-5, 10-14, 17.  These allegations do not support a claim under § 1983.

A First Amendment retaliation claim has two elements: (1) protected speech, and (2) an adverse employment action as a result of that protected speech. *Ezekwo v. N.Y.C. Health & Hosps. Corp.,* 940 F.2d 775, 780 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991). To qualify as protected speech under the first element, a public employee's speech must be a matter of public concern, and not a matter solely of personal interest. *Connick v. Myers,* 461 U.S. 138, 147 (1983). Whether the speech addresses a matter of public concern depends on the content, form, and context of the given statement. *Id.* at 147-48. The inquiry into the speech's protected status is one of law, not fact. *Id.* at 148 n.7.

In making that determination, the "heart of the matter is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'" *Ruotolo v. City of New York,* – F.3d –, 2008 WL 313795, at *4 (2d Cir. Feb. 6, 2008) (quoting *Lewis v. Cowen,* 165 F.3d 154, 163-64 (2d Cir. 1999)). Matters purely of personal interest or to redress personal grievances will not qualify as public concerns. *Tiltti v. Weise,* 155 F.3d 596, 602 (2d Cir. 1998); *De Los Santos v. City of New York,* 482 F. Supp.2d 346, 353 (S.D.N.Y. 2007). Where an employee "is 'not on a mission to protect the public welfare' but hopes merely to prosecute his own grievances, he has failed to implicate the public concern." *Thorpe v. Luisi,* 2005 WL 1863671, at *6 (S.D.N.Y. Aug. 4, 2005) (quoting *Ezekwo,* 940 F.2d at 781).

Where the speech at issue is a lawsuit, the content of the suit determines whether the First Amendment applies. *Ruotolo,* 2008 WL 313795, at *2. In *Ruotolo,* a retired police officer alleged acts of retaliation for having filed a lawsuit against the police department for earlier retaliation for having made a report about possible environmental hazards. *Id.* at *2-3. In affirming the Rule 12(b)(6) dismissal, the Second Circuit held that because the first lawsuit had

-7-

sought to redress personal grievances, it did not seek to advance a public purpose. *Id.* at *4.

Here, the speech in question is Plaintiff's 2005 lawsuit against Spagnola and others. Just as the plaintiff in *Ruotolo* had sought to redress personal grievances in his first action, Plaintiff in this action has similarly sought solely to redress personal grievances by her 2005 action. Specifically, Plaintiff's 2005 Complaint details specific episodes of sexual harassment by her supervisor. Ex. A, ¶ 10. Plaintiff further alleged that when she had rebuffed Spagnola, Spagnola retaliated against her with negative performance evaluations and that supervisors purportedly had not properly addressed the issue. Ex. A, ¶¶ 11-14. These allegations relate solely to Plaintiff. Consequently, the 2005 Complaint does not qualify as protected speech. *See also Payne v. Meeks,* 200 F. Supp.2d 200, 206 (E.D.N.Y. 2002) (holding that lawsuit for sexual assault did not implicate public concern); *Carrero v. N.Y.C. Housing Auth.,* 975 F. Supp. 501, 510 (S.D.N.Y. 1997) (holding that prior lawsuit for sexual harassment did not implicate public concern).

In other cases where complaints of sexual harassment concern only the plaintiff, courts have repeatedly held that retaliation for such complaints raises only a private concern and thus is not actionable under § 1983. *See, e.g., Saulpaugh v. Monroe Comm. Hosp.,* 4 F.3d 134, 143 (2d Cir. 1993), *cert. denied,* 510 U.S. 1164 (1994); *Bland v. State of New York,* 263 F. Supp.2d 526, 545 (E.D.N.Y. 2003); *Collins v. Christopher,* 48 F. Supp.2d 397, 409 (S.D.N.Y. 1999); *Settecase v. Port Auth. of N.Y. and N.J.,* 13 F. Supp.2d 530, 536 (S.D.N.Y. 1998); *Carrero,* 975 F. Supp. at 510; *Reidinger v. D'Amicantino,* 974 F. Supp. 322, 330 (S.D.N.Y. 1997); *Sebold v. Middletown,* 2007 WL 2782527, at *28 (D. Conn. Sept. 21, 2007); *DeFilippo v. N.Y.S. Unified Court Sys.,* 2006 WL 842400, at *15 (E.D.N.Y. Mar. 27, 2006), *aff'd,* 223 Fed. Appx. 45 (2d Cir. 2007); *Alexander v. City of New York,* 2004 WL 1907432, at *13 (S.D.N.Y. Aug. 25, 2004). Here, the

-8-

allegations of sexual harassment in Plaintiff's 2005 Complaint pertain exclusively to herself. All of the allegations in the 2005 Complaint are "personal in nature and generally related to her own situation." *Ezekwo,* 940 F.2d at 781.

Nowhere in the 2005 Complaint does Plaintiff allege that she is attempting to address a public concern, such as "to debate issues of sex discrimination" or to be "part of an overall effort to correct allegedly unlawful practices or bring them to public attention." *Saulpaugh,* 4 F.3d at 143. The 2005 Complaint focuses entirely on Plaintiff's own personal situation. As such, it does not raise First Amendment concerns. Accordingly, any alleged retaliation against Plaintiff for her 2005 sexual-harassment complaint fails to state a § 1983 claim and requires dismissal.

## CONCLUSION

Plaintiff cannot maintain any of her claims.  Her Title VII claim against the Authority cannot stand because she has not exhausted her administrative remedies.  Her second claim, a § 1983 Equal Protection claim against the Individual Defendants, cannot stand because she has not alleged any facts that would support an Equal Protection claim.  Her third claim, alleging a conspiracy of the Individual Defendants, is barred by the intra-corporate conspiracy doctrine.  Her fourth claim, which asserts that the Individual Defendants retaliated against her for filing a previous lawsuit for sexual harassment, does not state a claim under § 1983 because the speech at issue, i.e. the previous lawsuit, addressed only her own situation and not a matter of public concern.  As such, retaliation for unprotected speech does not state a claim for a violation of the First Amendment under § 1983.  Accordingly, none of Plaintiff's claims can stand, and the Complaint requires dismissal.

Dated:  New York, New York
        February 15, 2008

<div style="margin-left:40%">

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
*Attorney for Defendants Richard Iuele, Donny Eschrich, Kevin Dloughy, Ramesh Mehta, and New York State Thruway Authority*

By:    /s/ Joshua Pepper
       JOSHUA PEPPER
       Assistant Attorney General
       120 Broadway, 24th floor
       New York, NY 10271
       tel: 1-212-416-8567
       fax: 1-212-416-6075

</div>

JOSHUA PEPPER
Assistant Attorney General
 *Of Counsel*

-10-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JULIA BASILE,

                              Plaintiff,                          05 Civ.

          -against-

WALTER SPAGNOLA, individually,
FRANCES ROSALES, individually,
DONNY ESCHRICH, individually,
ANDREW SCARPULLA, individually,
RICHARD IUELE, individually, and
The NEW YORK STATE THRUWAY
AUTHORITY,

                              Defendants.

-----------------------------------------------------------x



**COMPLAINT**
**'05 CIV 10699**

**Jury Trial Demanded**



          Plaintiff JULIA BASILE, by her attorneys Lovett & Gould, LLP, for her

complaint respectfully alleges:

## NATURE OF THE ACTION

          1. This is an action for compensatory and punitive damages, proximately resulting

from Defendants' conduct, engaged in while acting in concert and under color of New

York State law, that violated Plaintiff's rights as guaranteed her by reason of Title VII

(gender, retaliation), the Fourteenth Amendment to the United States Constitution (Equal

Protection), and Sections 296 *et. seq.* of the New York State Human Rights Law.

## JURISDICTION

2. The Court's jurisdiction on the federal claims is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367. On February 2, 2005, Plaintiff duly filed a Charge of Discrimination (#165200500490) premised upon gender with the United States Equal Employment Opportunity Commission. A Notice of Right to Sue was thereafter issued by the United States Department of Justice on November 29, 2005.

## THE PARTIES

3. Plaintiff JULIA BASILE, a thirty-four year old single mother of two, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the County of Rockland. At all times relevant to this complaint she has been employed by the New York State Thruway Authority (hereinafter "Authority") since April 2003 as the only female welder assigned to work on the Tappan Zee Bridge.

4. Defendant WALTER SPAGNOLA (hereinafter "Spagnola"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Supervising Bridge Painter I assigned to the Tappan Zee Bridge. Spagnola is in his mid fifties and is married. During the period of times referenced *infra*, except as otherwise expressly indicated, Spagnola was Plaintiff's immediate supervisor despite the circumstance that he had no certifications whatsoever with respect to welding.

5. Defendant FRANCES ROSALES (hereinafter "Rosales"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was

2

employed by the said Authority as the Manager of Equal Opportunity. As such she is one of several Authority officials empowered with final discretionary decision-making authority to: determine in-house charges of discrimination premised upon gender; impose prompt remedial action with respect to such discrimination; and require any Authority employee/official who has violated the laws prohibiting gender discrimination in the workplace from ceasing any such violation.

6. Defendant DONNY ESCHRICH (hereinafter "Eschrich"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Supervising Bridge Painter II, assigned to the Tappan Zee Bridge.

7. Defendant ANDREW SCARPULLA (hereinafter "Scarpulla"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Bridge Maintenance Supervisor III, assigned to the Tappan Zee Bridge.

8. Defendant RICHARD IUELE (hereinafter "Iuele"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Bridge Maintenance Engineer, assigned to the Tappan Zee Bridge.

9. Defendant NEW YORK STATE THRUWAY AUTHORITY (hereinafter "Authority") is a public authority created by and existing pursuant to the laws of the State of New York. As such the Authority operates/maintains the Tappan Zee Bridge.

3

## THE FACTS

10. Commencing within months of Plaintiff's being hired by the Authority, Spagnola embarked upon an open and notorious campaign of sexual harassment of Plaintiff by, *inter alia*:

  a. Repeatedly placing his hand on her thigh,

  b. Regularly hugging her,

  c. Routinely putting his arm around her,

  d. Daily observing her through binoculars, for extended periods of time, while Plaintiff was suspended under the Tappan Zee Bridge performing welding repairs - - conduct which Spagnola described to co-workers as Plaintiff "sunbathing",

  e. Expressing himself to her in terms of obscenities,

  f. Stalking her and staring at her,

  g. Telephoning her at home, after work hours, to advise that he wanted to "eat her like a sandwich",

  h. Inviting her to spend time with him at his "cabin" with the intent to engage in sexual relations,

  i. Inviting himself to Plaintiff's home for dinner with the intent of engaging in sexual relations,

  j. Making obscene gestures to her,

  k. Forcibly grabbing her and attempting to stick his tongue down her throat,

  l. Repeatedly standing within inches of her in a physically

4

threatening manner, while verbally degrading her in front of co-
workers, and,

  m. Cautioning her that if she did not accede to his sexual advances
he would have her fired.

11. Plaintiff repeatedly and forcefully rejected Spagnola's sexually oriented
conduct, both verbally and physically, despite which he openly and notoriously:

    i. Persisted in that offensive conduct to the knowledge of the Authority's
managerial staff both at the Tappan Zee Bridge and in Albany,

    ii. Took retaliatory action against Plaintiff by *inter alia*, falsely accusing
her of wrongdoing on the job as a result of which she received
unjustified, negative performance evaluations.

12. Under the circumstances Plaintiff in detail complained about Spagnola's
unwanted sexually hostile conduct to Defendants Eschrich, Scarpulla, and Iuele: a) each
one of whom although empowered to take remedial action, took no remedial action to
eliminate Plaintiff's hostile work environment; and b) each one of whom affirmatively
encouraged/condoned Spagnola's sexual harassment of and retaliation against Plaintiff as
a result of which that open and notorious harassment and retaliation continued unabated.

13. As a result Plaintiff filed a complaint with Rosales, reporting the on-going,
repeated, sexually harassing conduct as engaged in by Spagnola and
encourages/condoned by Eschrich, Scarpula and Iuele.

14. Rosales with the objective of insulating the Authority from suit and stifling
Plaintiff's in-house complaint, and with the knowledge and approval of other Thruway
administrators with final discretionary authority to administratively finally resolve

complaints of sexual harassment in the workplace, purported to investigate Plaintiff's allegations. Despite overwhelming eye-witness testimony corroborating Plaintiff's complaint, Rosales deliberately and falsely concluded that her claims were unfounded. As a result, although Spagnola's direct supervisory relationship to Plaintiff ceased, his sexually offensive and physically threatening conduct continued through the Summer of 2005.

15. As a proximate result of Defendants' pervasive and systemic gender discriminatory conduct and retaliation, Plaintiff has been: caused emotional and anxiety related difficulties requiring long-term medical treatment; caused financial damages; publicly humiliated; publicly degraded; publicly embarrassed; publicly held up to ridicule; publicly shamed; denied the benefits of a workplace free from gender discrimination and/or retaliation for opposing same; denied Equal Protection by reason of her gender; suffered repeated violations of her rights as guaranteed by state and federal law, and otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE AUTHORITY

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

17. Under the premises Defendant violated Plaintiff's rights as guaranteed her by reason of Title VII, 42 U.S.C. §2000e *et. seq.*

## AS AND FOR A SECOND CLAIM
## AGAINST DEFENDANTS SPAGNOLA,
## ROSALES, ESCHRICH, SCARPULLA
## AND IUELE

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

19. Under the premises Defendants violated Plaintiff's right to Equal Protection as guaranteed her by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## AGAINST THE AUTHORITY
## AND SPAGNOLA

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

21. Under the premises Defendant Authority's conduct as Plaintiff's employer and the conduct of Defendants Spagnola as an aider and abettor, violated Plaintiff's rights as guaranteed her by reason of New York State Executive Law §296 *et. seq*.

WHEREFORE judgment is respectfully demanded:

a. On the First Claim: awarding such compensatory and punitive damages as the jury may impose along with costs, and reasonable attorney's fees,

b. On the Second Claim, awarding such compensatory and punitive damages as the jury may impose, along with costs, and reasonable attorney's fees,

c. On the Third Claim, awarding such compensatory damages as the jury may determine, and,

7

d. Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
       December 19, 2005

                              LOVETT & GOULD, LLP
                              By:_____
                                   Jonathan Lovett (4854)
                              Attorneys for Plaintiff
                              222 Bloomingdale Road
                              White Plains, N.Y. 10605
                              914-428-8401