UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JULIA BASILE,

**NOTICE OF MOTION**

Plaintiff,

07 Civ. 11247 (CLB)

-against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,
                         Defendants.

-----------------------------------------------------------x

    PLEASE TAKE NOTICE that, upon the accompanying Declaration of Michael G.

Santangelo and the exhibits annexed thereto; Memorandum of Law in Support of Defendant's

Motion to Dismiss and upon all pleadings and proceedings heretofore had herein, the defendant,

WALTER SPAGNOLA, by his attorneys, MEDINA, TORREY, SANTANGELO, MAMO and

CAMACHO, P.C., will move this Court before the Honorable Charles L. Brieant, United States

District Judge, in the United States District Court for the Southern District of New York, located

at the U.S. Courthouse, 300 Quarropas Street, Room 218, White Plains, New York, 10601, on

March 28, 2008, at 10:00 a.m. for an Order pursuant to Fed. R. Civ. P. 12 ( c), dismissing this

action in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: Hawthorne, New York
      February 15, 2008

Yours, etc.,

MEDINA, TORREY, SANTANGELO, MAMO and
CAMACHO, P.C.

By: _____

Michael G. Santangelo - 0543
Attorneys for Defendant-SPAGNOLA
95 Beekman Avenue
Sleepy Hollow, New York 10591

TO:    LOVETT & GOULD, LLP
      Attorneys for Plaintiff
      222 Bloomingdale Road
      White Plains, New York 10605
      (914) 428-8401

      AAG JOSH PEPPER
      State of New York
      Office of the Attorney General
      120 Broadway
      New York, New York 10271

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JULIA BASILE,                                                    **DECLARATION**

                        Plaintiff,

                                                               07 Civ. 11247 (CLB)

            -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,
                        Defendants.
----------------------------------------------------------x

       MICHAEL G. SANTANGELO, an attorney duly admitted to practice law in the

Southern District of New York hereby affirms the following under the penalties of perjury:

       1.     I am in partner in the law firm of MEDINA, TORREY, SANTANGELO,

MAMO and CAMACHO, P.C., attorneys of record for defendant Walter Spagnola.

       2.     I submit this declaration in support of defendant Walter Spagnola's motion

to dismiss this action pursuant to Fed. R. Civ. P. 12( c).

       3.     Annexed hereto as Exhibit "A" is a copy of plaintiff's complaint in this

action.

       4.     Annexed hereto as Exhibit "B" is a copy of defendant Walter Spagnola's

answer in this action.

5.    Annexed hereto as Exhibit "C" is a copy of the co-defendant's motion for

an Order pursuant to Fed. R.C.P. 12(c) to dismiss the action in its entirety.

6.    For the reasons set forth in the accompanying memorandum of law,

defendant Walter Spagnola respectfully submits that its motion to dismiss should

be granted and the claims against Walter Spagnola be dismissed in their entirety.

Dated: Hawthorne, New York                Yours, etc.,
      February 15, 2008

                                        MEDINA, TORREY, SANTANGELO, MAMO and
                                        CAMACHO, P.C.

                                        By:  _____
                                        Michael G. Santangelo - 0543
                                        Attorneys for Defendant-SPAGNOLA
                                        95 Beekman Avenue
                                        Sleepy Hollow, New York 10591

TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiff
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

       AAG JOSH PEPPER
       State of New York
       Office of the Attorney General
       120 Broadway
       New York, New York 10271

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIA BASILE,

                   Plaintiff,

    -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,
                  Defendants.
-----------------------------------------------------------x

07 Civ. 11247 (CLB)

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WALTER SPAGNOLA'S MOTION TO DISMISS**

Respectfully submitted,

MEDINA, TORREY, SANTANGELO, MAMO and
CAMACHO, P.C.

By: _____
Michael G. Santangelo - 0543
Attorneys for Defendant-SPAGNOLA
95 Beekman Avenue
Sleepy Hollow, New York 10591

Of Counsel:
Michael G. Santangelo (0543)

## PRELIMINARY STATEMENT

Plaintiff, Julia Basile, brings this action against Walter Spagnola, Donny Esschrich, Kevin Delowe, Richard Juele, Ramesh Mehta and the New York State Thruway Authority asserting one cause of action against the New York State Thruway Authority and three separate causes of action against the individually named defendants charging violations of her Fourteenth Amendment Rights pursuant to 42 U.S.C. Section 1983 at 1985(2). Plaintiff's claim arises from her allegation that in her capacity as an employee for the New York State Thruway Authority, the defendants, individually, took numerous actions in attempt to kill and/or cause her death. Walter Spagnola now moves to dismiss this action based upon the same arguments which are incorporated herein and advanced in co-defendants Donny Eschrich, Kevin Delowe, Richard Juele, Ramesh Mehta and the New York State Thruway Authority's motion dated February 15, 2008.

## STATEMENT OF FACTS

Plaintiff alleges in her complaint that she has been employed as the only female welder designed to work on the Tappan Zee Bridge since 2003 (Compl., P. 1).

Plaintiff asserts that pursuant to a conspiracy, the defendants placed her welding truck in gear, causing it to slowly roll forward on the bridge while plaintiff was suspended under the bridge using a torch in connection with the welding (Compla., P. 11). Plaintiff also claims that defendants ordered her to perform work on a scaffolding that had been deliberately and defectively rigged with the objective of having plaintiff plummet from the scaffolding some 200 feet into the Hudson River. Finally, plaintiff claims that in a third attempt to kill her, defendants punctured a high pressure air hose which was intended to cause the hose to rupture while plaintiff was using it while suspended under the bridge.

## STANDARD OF REVIEW

A motion to dismiss should be granted if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations. _Conley v. Gibson,_ 355

U.S. 41, 45-46 (1957).

## ARGUMENT

Defendant Spagnola hereby incorporates the arguments submitted by the co-

defendants, a copy of which is annexed hereto as Exhibit C.

## CONCLUSION

For the foregoing reasons, as set forth in co-defendants' motion to dismiss

and arguments contained herein, defendant Walter Spagnola respectfully submits that this action

be dismissed in its entirety, together with such further relief as it deems just and proper.

Dated: Hawthorne, New York
       February 4, 2008

Yours, etc.,

MEDINA, TORREY, SANTANGELO, MAMO and
CAMACHO, P.C.

By: _____
Michael G. Santangelo - 0543
Attorneys for Defendant-SPAGNOLA
95 Beekman Avenue
Sleepy Hollow, New York 10591

TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiff
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

AAG JOSH PEPPER
State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271

## CERTIFICATE OF SERVICE

I, MICHAEL G. SANTANGELO,  hereby certify that on February 15, 2008, I served the within NOTICE OF MOTION, DECLARATION and MEMORANDUM OF LAW, upon the attorneys of record, by mailing a copy thereof, postage prepaid, the address as provided to defendants by notification from this Court as:

TO:     LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

        AAG JOSH PEPPER
        State of New York
        Office of the Attorney General
        120 Broadway
        New York, New York 10271

MICHAEL G. SANTANGELO-

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JULIA BASILE,

                    Plaintiff,

      -against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DELOWE, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually,
and NEW YORK STATE THRUWAY
AUTHORITY,

                 Defendants.
-----------------------------------------------------x



07 Civ.   (   )

**'07 CIV 11247**

**COMPLAINT**

**Jury Trial Demanded**

     Plaintiff JULIA BASILE, by her attorneys Lovett & Gould, LLP, for her complaint respectfully alleges:

## NATURE OF THE ACTION

     1. This is an action for compensatory and punitive damages, proximately resulting from Defendants' conduct, engaged in while acting in concert and under color of New York State law, that violated Plaintiffs rights as guaranteed her by reason of 42 U.S.C. § 1985(2), 42 U.S.C. §1983 and Title VII, 42 U.S.C. §2000e *et . seq.*

## JURISDICTION

     2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff JULIA BASILE, a thirty-four year old single mother, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the County of Rockland. At all times relevant to this complaint she has been, and continues to be, employed by the New York State Thruway Authority (hereinafter "Authority") since April 2003 as the only female welder assigned to work on the Tappan Zee Bridge. In 2005 she filed a Title VII and 42 U.S.C. § 1983 civil rights action against the Authority, Defendant Spagnola and other Authority officials/employees by reason of a gender-based hostile work environment. Basile v. Spagnola, 05 Civ. 10699 (LMS)(hereinafter "Basile I"). As against Defendant Spagnola the case resulted in a jury verdict in the Spring of 2007 in the principal sum of $200,000 - - $50,000 of which was punitive damages.

4. Defendant WALTER SPAGNOLA (hereinafter "Spagnola"), who is sued in his individual and personal capacities only, at all times relevant to this complaint has for years been employed by the Authority as a "Supervising Bridge Painter" assigned to the Tappan Zee Bridge (hereinafter the "Bridge"). As such, and by reason of his seniority and political connections in the Authority, he *de facto* controls: i) the on-the-job conduct of many of the Authority employees assigned to the Bridge, including each of his individually named co-defendants; and ii) many of the workplace activities on the Bridge, including the circumstances referenced *infra*. Since Plaintiff's commencement of employment Spagnola has sexually abused her and *inter alia* stalked her in the workplace. Since the verdict in Basile I he has re-doubled his stalking activities with respect to Plaintiff - - all with the knowing consent and/or encouragement of his co-

defendants.

5. Defendant DONNY ESCHRICH (hereinafter "Eschrich"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a "Supervising Bridge Painter II", assigned to the Bridge. Eschrich, as a personal friend of Spanola and out of personal animus he harbors towards Plaintiff by reason of the jury verdict in Basile I and her testimony in the United States District Court during her trial, in or about August of 2007 entered in to a conspiratorial agreement (hereinafter the "conspiracy" or "plan") with Spagnola, DeLowe, Mehta and Iuele - - known to and approved by administrators of the Authority with final, discretionary decision making authority regarding the conduct set forth *infra* - - to kill and/or cause the death of Plaintiff following her return to work in August of 2007.

7. Defendant RICHARD IUELE (hereinafter "Iuele"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a "Bridge Maintenance Engineer", assigned to the Bridge. Iuele, also a friend of Spagnola who harbors the same animus towards Plaintiff, knowingly and intentionally agreed to participate in the conspiracy.

8. Defendant KEVIN DELOWE (hereinafter "DeLowe"), who is sued in his individual and personal capacities, at all times relevant to this complaint was employed by the Authority as a "Rigger" (whose function is *inter* alia to prepare scaffolding used in work assignments by amongst others the Plaintiff) assigned to the Bridge. DeLowe, another friend of Spanola who harbors the same animus towards Plaintiff, also knowingly and intentionally agreed to participate in the conspiracy.

9. Defendant RAMESH MEHTA (hereinafter "Mehta"), who is sued in his individual and personal capacities, at all times relevant to this complaint was employed by the Authority as the Director of the New York Region. He like his individually named co-defendants knowingly and intentionally agreed to participate in the conspiracy - - motivated by the same animus.

10. Defendant NEW YORK STATE THRUWAY AUTHORITY (hereinafter "Authority") is a public authority created by and existing pursuant to the laws of the State of New York. As such the Authority operates/maintains the Bridge. The Authority was a named Defendant in Basile I and monitored through its counsel the trial in that action. By reason of Basile I the Authority has intentionally encouraged and condoned the individually named Defendants conspiratorial plan to retaliate against Plaintiff by reason of her the verdict in that action and her testimony - - adverse to the Authority - - as given in the trial of that action.


**THE FACTS**

11. In furtherance of Defendants' plan, and in connection with the first attempt by them to kill Plaintiff and/or cause her death, Defendants placed her welding truck in gear causing it to slowly roll forward on the Bridge while Plaintiff was suspended under the Bridge using a torch in connection with welding. But for the fortuitous intervention of Plaintiff's "helper", who stopped the truck and placed it in "park", the truck's motion would have severed the acetylene and oxygen lines that ran from the truck to Plaintiff's welding equipment under the Bridge causing a massive explosion and fireball with her certain resulting fatality - - along with extensive structural damage to the Bridge.

12. Thereafter Defendants ordered Plaintiff to perform work on a scaffolding that had been deliberately, defectively rigged (lacking "swing lows", "ties" and "clamps", leaving the scaffolding unsecured to the Bridge) with the objective of having Plaintiff plummet from the scaffolding approximately two hundred feet into the Hudson River. Fortuitously Plaintiff and her assigned co-worker noticed the defects and avoided certain serious injury or death by refusing to comply with Defendants' order. In that connection DeLowe subsequently expressly admitted to Plaintiff's co-worker that the defective rigging had been intentional and intended to injure the "bitch" and "break Julia's balls".

13. In a third attempt to kill and/or cause Plaintiff's death, Defendants punctured a high pressure air hose, a circumstance that was intended to cause the hose (under 1,500 pounds of pressure) to rupture when Plaintiff was using it while suspended under the Bridge. Fortuitously while Plaintiff's assigned co-worker instead began using the air hose below the surface of the Bridge Plaintiff, on the Bridge surface, saw the line begin to shred and shut off the compressor - - preventing a blast of pressurized air from blowing her co-worker off of the scaffolding and into the River, where he would have certainly been killed.

14. By way of multiple other attempts to sabotage Plaintiffs work environment and cause her serious bodily injury or death Defendants have:

> a. Repeatedly tampered with her welding truck, rendering it unsafe to operate,

b. Repeatedly tampered with combustible fuel tanks, required to be used by her in connection with welding, with a view towards causing them to explode, ănd, *inter alia,*

c. Repeatedly tampered with her air compressor with a view towards causing an explosion while Plaintiff was using it.

15. Most recently when Plaintiff's immediate supervisor confronted Eschrich regarding the multiple attempts on Plaintiffs life and requested his active intervention to prevent a tragedy, Eschrich responded: "She deserves whatever she gets".

16. With respect to the sabotage and attempts on her life Plaintiff has repeatedly reported these circumstances to the New York State Police, who have refused, out of deference to the well-established lawless behavior routinely engaged in by the Authority and its officials/employees, to investigate and/or take any proactive law enforcement action to protect her from the Defendants' criminal misconduct.

17. As a proximate result of Defendants' conduct Plaintiff has been caused to: endure for months, and continuing to date, relentless fear and terror; suffer extreme emotional upset; suffer extreme anxiety; suffer financial damages; endure public humiliation, public degradation, public embarrassment, public ridicule, public shame; suffer on-going retaliation because she successfully sued Spagnola for violations of her rights as guaranteed by 42 U.S.C. § 1983; suffer on-going retaliation by the Authority because in <u>Basile I</u> Plaintiff named the Authority as a defendant; suffer on-going death threats and related retaliatory conduct because she testified against Spagnola and the Authority in Federal Court during her trial; to suffer denials of her right to Equal Protection by reason of her gender; suffer daily stalking, harassing and threatening behavior purposefully and openly engaged in by Spanola on the Bridge; and she has otherwise

been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE AUTHORITY

18. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "17", inclusive.

17. Under the premises Defendant's retaliatory conduct violated Plaintiffs rights as

guaranteed her by reason of Title VII, 42 U.S.C. §2000e *et. seq.*

## AS AND FOR A SECOND CLAIM
## AGAINST THE INDIVIDUALLY
## NAMED DEFENDANTS

18. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "17", inclusive.

19. Under the premises Defendants' conduct violated Plaintiff's right to Equal

Protection as guaranteed her by reason of the Fourteenth Amendment to the United States

Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## AGAINST THE INDIVIDUALLY
## NAMED DEFENDANTS

20. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "17", inclusive.

21.     Under the premises Defendants conspiracy and their acts taken in furtherance

of it violated Plaintiff's rights as guaranteed by 42 U.S.C. § 1985(2).

## AS AND FOR A FOURTH CLAIM
## AGAINST THE INDIVIDUALLY
## NAMED DEFENDANTS

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive.

23. Under the premises Defendants' retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. § 1983.

WHEREFORE judgment is respectfully demanded:

      a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

      b. Awarding as against all Defendants such compensatory damages as the jury may determine,

      c. Awarding against all Defendants costs and reasonable attorney's fees, and,

      d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      December 14, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

8

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JULIA BASILE,                                    **AMENDED ANSWER**

                    Plaintiff,

                                                 07 Civ. 11247 (CLB)

        -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,

                    Defendants.
----------------------------------------------------------x

        For the answer to the complaint of the plaintiffs in the above entitled case,

defendant, WALTER SPAGNOLA, by his attorneys, MEDINA, TORREY, SANTANGELO,

MAMO and CAMACHO, P.C., say:

### NATURE OF ACTION

        1.      The allegations contained in paragraph "1" of the complaint constitute

conclusions of law to which defendants makes no answer except to demand strict proof thereof

and respectfully refer any and all questions of law to this Honorable Court. Further, defendant

denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

### JURISDICTION

        2.      The allegations contained in paragraph "2" of the complaint constitute

conclusions of law to which defendants makes no answer except to demand strict proof thereof

and respectfully refer any and all questions of law to this Honorable Court. Further, defendant

denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

## **THE PARTIES**

3.      Defendant admits the allegations contained in paragraph "3" of the complaint.

4.      Defendant denies the allegations contained in paragraph "4" of the plaintiff's complaint except admits that defendant Spagnola has been employed by the Authority as a "Supervisory Bridge Painter".

5.      Defendant denies the allegations contained in paragraph "5" of the plaintiff's complaint except admits that defendant Eschrich was employed as a "Supervisory Bridge Painter II" by the Authority".

6.      There is no paragraph "6" in plaintiff's complaint.

7.      Defendant denies the allegations contained in paragraph "7" of the plaintiff's complaint except admits that defendant Iuele was employed by the authority as a "Bridge Maintenance Engineer"

8.      Defendant denies the allegations contained in paragraph "8" of the plaintiff's complaint except admits that defendant Delowe was employed by the Authority as a "Rigger".

9.      Defendant denies the allegations contained in paragraph "9" of the plaintiff's complaint except admits that defendant Mehta was employed by the Authority as the Director of the New York Region.

10.      Defendant denies the allegations contained in paragraph "10" of the plaintiff's complaint except admits that the state is a public authority which operates/maintains the bridge.

## THE FACTS

11.    Defendant denies the allegations contained in paragraph "11" of the plaintiff's complaint.

12.    Defendant denies the allegations contained in paragraph "12" of the plaintiff's complaint excepts deny knowledge or information concerning any alleged statements made by defendant DeLowe.

13.    Defendant denies the allegations contained in paragraph "13" of the plaintiff's complaint.

14.    Defendant denies the allegations contained in paragraph "14" of the plaintiff's complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of plaintiff's complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of plaintiff's complaint.

17.    Defendant denies the allegations contained in paragraph "17" of the plaintiffs' complaint.

## ANSWERING A FIRST CLAIM AGAINST THE AUTHORITY

18.    Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

17.    Defendant denies the allegations contained in paragraph "17" of the plaintiff's complaint.[1]

---

[1]    Plaintiff has misnumbered this paragraph in the complaint.

## ANSWERING A SECOND CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

18.     Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

19.     Defendant denies the allegations contained in paragraph "19" of the plaintiff's complaint.

## ANSWERING A THIRD CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

20.     Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

21.     Defendant denies the allegations contained in paragraph "21" of the plaintiff's complaint.

## ANSWERING A FOURTH CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

22.     Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

23.     Defendant denies the allegations contained in paragraph "23" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24.     The Court lacks subject matter jurisdiction over the case in controversy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26.     The answering defendant alleges that the Complaint on file herein fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.    Any conduct which is alleged by plaintiff is ***de minimis*** and insubstantial and as such the allegations fail to establish a claim upon relief under 42 U.S.C. Section 1983.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28.    The answering defendant alleges that any harm which came to plaintiff was a direct and proximate result of plaintiff's own actions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29.    At all times relevant hereto, plaintiff was treated in manner as other employees in similar circumstances.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30.    Plaintiff has failed to exhaust her administrative remedies and/or State Court remedies.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.    Plaintiff's, rights, privileges and immunities secured under the Constitution, or laws of the United States, if they exist at all, have not been violated by an alleged action of the defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.    Some or all of plaintiff's claims may be barred by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.    This answering defendant incorporates any affirmative defense plead by any other defendant herein.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

34.    Plaintiff's claim of conspiracy is barred by the "intercorporate conspiracy doctrine".

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

35.    Defendant, to the extent he is sued in his individual capacity, is entitled to qualified immunity since at all times he acted in good faith in the discharge of his job duties and his conduct did not violate any clearly established constitutional

**W H E R E F O R E,** the defendant prays judgment that the complaint of the plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to defendants.

Dated: Hawthorne, New York
       February 13, 2008

Yours, etc.,

MEDINA, TORREY, SANTANGELO, MAMO
and CAMACHO, P.C.

By: _____
Michael G. Santangelo - 0543
Attorneys for Defendant-SPAGNOLA
95 Beekman Avenue
Sleepy Hollow, New York 10591

TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiff
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

       AAG JOSH PEPPER
       State of New York
       Office of the Attorney General
       120 Broadway
       New York, New York 10271

# **EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA BASILE,

                Plaintiff,

    -against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DLOUGHY, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

                Defendants.

Docket Number 07-Civ.-11247
(CLB) (LMS)

**NOTICE OF MOTION**

TO:    Jonathan Lovett, Esq.
       222 Bloomingdale Road
       White Plains, NY 10605
       Tel: 914-428-8401

       Michael Santangelo, Esq.
       95 Beekman Avenue
       Sleepy Hollow, NY 10591
       Tel: 914-741-2929

      PLEASE TAKE NOTICE that Defendants DONNY ESCHRICH, KEVIN DLOUGHY,

RICHARD IUELE, RAMESH MEHTA, and NEW YORK STATE THRUWAY AUTHORITY

will move before this Court, before the Honorable Charles L. Brieant, United States District

Judge, at the United States Courthouse, United States District Court for the Southern District of

New York, located at 300 Quarropas Street, White Plains, New York 10601, in Room 218, on

March 28, 2008, at 10 am, or at such time thereafter as counsel may be heard, for an Order

pursuant to Fed. R. Civ. Proc. 12(b)(6) dismissing the Complaint in its entirety, together with

costs, disbursements, attorneys' fees, and such other and further relief as the Court may deem just

and proper.

PLEASE TAKE FURTHER NOTICE that in support of their motion, Defendants shall

rely on the accompanying Memorandum of Law in Support of Motion To Dismiss, dated

February 15, 2008, the attached exhibit thereto, and the Complaint.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 6.1(b) of the Local Rules of

the United States District Court for the Southern and Eastern Districts of New York, Plaintiff's

answering papers, if any, should be served upon counsel for Defendant no later than March 3,

2008.

Dated: New York, New York
       February 15, 2008

                    ANDREW M. CUOMO
                    Attorney General of the State of New York
                    *Attorney for Defendants*

      By:   /s/   Joshua Pepper
                  JOSHUA PEPPER
                  Assistant Attorney General
                  120 Broadway, 24th floor
                  New York, New York 10271
                  Tel: 212-416-8567
                  Fax: 212-416-6075

JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA BASILE,

                              Plaintiff,

        -against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DLOUGHY, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

                              Defendants.

Docket Number 07-Civ.-11247
(CLB) (LMS)

**CERTIFICATE OF
SERVICE**

        I, Joshua Pepper, do hereby certify that I am an attorney admitted to this Court, and I am

not a party to the above-captioned proceedings. On February 15, 2008, I personally served, via

electronic mail, the Defendants' Notice of Motion and Memorandum of Law in Support of

Motion To Dismiss, upon the following:

        Jonathan Lovett, Esq.
        222 Bloomingdale Road
        White Plains, NY 10605
        Tel: 914-428-8401

        Michael Santangelo, Esq.
        95 Beekman Avenue
        Sleepy Hollow, NY 10591
        Tel: 914-741-2929

                              /s/ Joshua Pepper
                              JOSHUA PEPPER

Dated: New York, New York
        February 15, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Original Filed By ECF

JULIA BASILE,

Plaintiff,

-against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DLOUGHY, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

Defendants.

Docket Number 07-Civ.-11247
(CLB) (LMS)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

ANDREW M. CUOMO
Attorney General of the
    State of New York
*Attorney for the Defendants*
120 Broadway
New York, New York 10271
(212) 416-8567

JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................... ii

PRELIMINARY STATEMENT ..................................................... 1

STATEMENT OF FACTS ....................................................... 2

ARGUMENT .................................................................. 3

I.      PLAINTIFF'S TITLE VII RETALIATION CLAIM AGAINST THE AUTHORITY
        REQUIRES DISMISSAL BECAUSE PLAINTIFF HAS NOT EXHAUSTED HER
        ADMINISTRATIVE REMEDIES ........................................... 3

II.     PLAINTIFF CANNOT MAINTAIN HER EQUAL-PROTECTION CLAIM
        AGAINST THE INDIVIDUAL DEFENDANTS BASED ON ALLEGED
        RETALIATION ....................................................... 4

III.    THE INTRA-CORPORATE CONSPIRACY DOCTRINE BARS PLAINTIFF'S
        CONSPIRACY CLAIM .................................................. 5

IV.     PLAINTIFF HAS FAILED TO ALLEGE A FIRST AMENDMENT
        RETALIATION CLAIM AGAINST THE INDIVIDUAL DEFENDANTS ........... 6

CONCLUSION ............................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page**

*Alexander v. City of New York,*
    2004 WL 1907432 (S.D.N.Y. Aug. 25, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bell Atl. Corp. v. Twombly,*
    127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bernheim v. Litt,*
    79 F.3d 318 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Bland v. State of New York,*
    263 F. Supp.2d 526 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cameron v. Church,*
    253 F. Supp.2d 611 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carrero v. N.Y.C. Housing Auth.,*
    975 F. Supp. 501 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Collins v. Christopher,*
    48 F. Supp.2d 397 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Connick v. Myers,*
    461 U.S. 138 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cruz v. N.Y.C. Taxi and Limousine Comm.,*
    2007 WL 4243861 (S.D.N.Y. Nov. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*DeFilippo v. N.Y.S. Unified Court Sys.,*
    2006 WL 842400 (E.D.N.Y. Mar. 27, 2006), *aff'd,* 223 Fed. Appx. 45 (2d
    Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*De Los Santos v. City of New York,*
    482 F. Supp.2d 346 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ezekwo v. N.Y.C. Health & Hosps. Corp.,*
    940 F.2d 775 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991) . . . . . . . . . . . . . . . . 7, 9

*Hayden v. County of Nassau,*
    180 F.3d 42 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hermann v. Moore,*
    576 F.2d 453 (2d Cir. 1978), *cert. denied,* 439 U.S. 1003 (1978) . . . . . . . . . . . . . . . . . 6

*Holtz v. Rockefeller & Co., Inc.,*
    258 F.3d 62 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Henneberger v. Nassau,*
    465 F. Supp.2d 176 (E.D.N.Y. 2006) ........................................... 6

*Lange v. Town of Monroe,*
    213 F. Supp.2d 411 (S.D.N.Y. 2002) ........................................... 5

*Lewis v. Cowen,*
    165 F.3d 154 (2d Cir. 1999) ................................................. 7

*Luca v. Nassau,*
    2007 WL 1343670 (E.D.N.Y. May 8, 2007) ..................................... 5

*Miller v. Int'l Tel. & Teleg. Corp.,*
    755 F.2d 20 (2d Cir. 1985), *cert. denied,* 474 U.S. 851 (1985) ...................... 3

*Payne v. Meeks,*
    200 F. Supp.2d 200 (E.D.N.Y. 2002) ......................................... 8

*Reidinger v. D'Amicantino,*
    974 F. Supp. 322 (S.D.N.Y. 1997) ........................................... 8

*Rivera-Powell v. N.Y.C. Board of Elections,*
    470 F.3d 458 (2d Cir. 2006) ................................................. 5

*Rothman v. Gregor,*
    220 F.3d 81 (2d Cir. 2000) .................................................. 2

*Ruotolo v. City of New York,*
    -- F.3d --, 2008 WL 313795 (2d Cir. Feb. 6, 2008) ............................. 7, 8

*Saulpaugh v. Monroe Comm. Hosp.,*
    4 F.3d 134 (2d Cir. 1993), *cert. denied,* 510 U.S. 1164 (1994) ................... 8, 9

*Scott v. Goord,*
    2004 WL 2403853 (S.D.N.Y. Oct. 27, 2004) .................................... 6

*Sebold v. Middletown,*
    2007 WL 2782527 (D. Conn. Sept. 21, 2007) .................................. 8

*Settecase v. Port Authority of N.Y. and N.J.,*
    13 F. Supp.2d 530 (S.D.N.Y. 1998) ........................................... 8

*Thorpe v. Luisi,*
    2005 WL 1863671 (S.D.N.Y. Aug. 4, 2005) .................................... 7

*Tiltti v. Weise,*
    155 F.3d 596 (2d Cir. 1998) ................................................. 7

*Worthington v. Suffolk,*
   2007 WL 2115038 (E.D.N.Y. July 20, 2007) ................................. 5

**Federal Statutes**

42 U.S.C. § 1983 ...................................................... *passim*

42 U.S.C. § 1985(2) .................................................. 1, 5, 6

**Federal Rules**

FRCP 12(b)(6) ............................................................ 1

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendants RICHARD IUELE ("Iuele"), DONNY ESCHRICH ("Eschrich"), KEVIN DLOUGHY ("Dloughy"), RAMESH MEHTA ("Mehta") (collectively the "Individual Defendants")[1] and NEW YORK STATE THRUWAY AUTHORITY (the "Authority") in support of their Motion To Dismiss the Complaint ("Compl.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff asserts four causes of action – one against the Authority, and three against the Individual Defendants – but none is sustainable.

Plaintiff's first cause of action, against only the Authority, asserts that the Authority retaliated against her in violation of Title VII. Plaintiff cannot maintain this action because she has not exhausted her administrative remedies.

Plaintiff's second cause of action asserts a § 1983 claim against the Individual Defendants for allegedly violating "her right to Equal Protection by reason of her gender." Compl. ¶ 17. Plaintiff does not allege, however, that any of the Individual Defendants have treated her differently on account of her sex. Plaintiff alleges only retaliation, which does not state an Equal Protection claim.

Plaintiff's third cause of action asserts a conspiracy of the Individual Defendants in violation of 42 U.S.C. § 1985(2). The intra-corporate conspiracy doctrine bars this claim.

Plaintiff's fourth cause of action asserts a First Amendment retaliation claim against the Individual Defendants. However, the only speech on which Plaintiff relies in support of her

---

[1]The Attorney General does not represent Walter Spagnola ("Spagnola"), another individual defendant in this action. The term "Individual Defendants" will refer only to those individuals represented by the Attorney General.

-1-

retaliation claim is her previous lawsuit in 2005, which solely concerned her claims of sexual

harassment. Because that lawsuit related only to Plaintiff's individual situation and not to some

broader public purpose, the lawsuit does not constitute protected speech that would support a §

1983 claim.

## STATEMENT OF FACTS

Plaintiff began working as a welder for the Authority in April 2003. Compl. ¶ 3. At all

times relevant to the Complaint, Plaintiff was working as a welder at the Tappan Zee Bridge.[2] *Id.*

In 2005, Plaintiff filed a lawsuit (the "2005 Complaint," attached hereto as Exhibit A)[3]

against the Authority, Spagnola, Eschrich, Iuele, and two other individuals. Compl. ¶ 3. In the

2005 Complaint, Plaintiff alleged that Spagnola had subjected her to unwelcome sexual

advances, daily observed her through binoculars, stared at her, expressed obscenities to her,

telephoned her at her home, invited himself to her home for dinner, and also invited her to his

cabin. Ex. A, ¶ 10. In addition, Plaintiff claimed that she had complained about Spagnola's

conduct to the other individual defendants but purportedly had not received an adequate

response. Ex. A, ¶¶ 12-14. As a result of this lawsuit, Plaintiff obtained a verdict against

Spagnola.[4] Compl. ¶ 3.

---

[2] The Complaint states that Plaintiff "continues to be" a welder at the Tappan Zee Bridge. Compl. ¶ 3. Since the filing of the Complaint, Plaintiff has transferred, by agreement of the parties, to another position with the Authority and no longer works at the Tappan Zee Bridge.

[3] The 2005 Complaint is attached here for the convenience of the Court. Plaintiff relied upon it in her Complaint in this action, and it is thus part of the Complaint. *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000). Also, it is in the public record, and this Court can take judicial notice of its content. *Id.* at 92.

[4] On April 12, 2007, summary judgment was entered in favor of the Authority, Eschrich, Iuele, and two other Authority employees. Case No. 05-cv-10699, Docket Entry # 54.

Plaintiff took a leave of absence from which she returned to work in August 2007.

Compl. ¶ 5.  In this pending Complaint, Plaintiff now alleges that since her return, Defendants

have attempted to murder her in retaliation for the unsuccessful lawsuit against them and the

verdict against Spagnola.  Compl. ¶¶ 5, 10.  More specifically, she claims that on an unspecified

date, her truck inexplicably began slowly rolling forward.  Compl. ¶ 11.  When the truck nearly

ran over the acetylene and oxygen tubes that ran to Plaintiff's equipment, Plaintiff's co-worker

discovered the problem, stopped the truck, and placed it in "park."  *Id.*  On another unidentified

occasion, Plaintiff performed work on a scaffolding whose rigging Plaintiff alleged to be

defective.  Compl. ¶ 12.  On a third unidentified occasion, a hole blew out of the hose that

connected an air compressor to Plaintiff's blowtorch.  Compl. ¶ 13.  Plaintiff also alleges

unspecified tampering with her truck, her fuel tanks, and her air compressor.  Compl. ¶ 14.

Plaintiff seeks only monetary damages and does not seek injunctive relief against the

Defendants.  Compl. ¶ 23.

## ARGUMENT

**I.    PLAINTIFF'S TITLE VII RETALIATION CLAIM AGAINST THE AUTHORITY
REQUIRES DISMISSAL BECAUSE PLAINTIFF HAS NOT EXHAUSTED HER
ADMINISTRATIVE REMEDIES.**

A plaintiff may bring an employment discrimination action under Title VII only after

filing a timely charge with the EEOC or similar state or local agency.  *Holtz v. Rockefeller & Co.,*

*Inc.,* 258 F.3d 62, 82-83 (2d Cir. 2001).  Exhaustion of remedies is a precondition to suit.  *Id.* at

83.  To allow otherwise would defeat the statutory framework of Title VII, which is intended to

encourage settlement through conciliation and voluntary compliance.  *Miller v. Int'l Tel. & Teleg.*

*Corp.,* 755 F.2d 20, 26 (2d Cir. 1985), *cert. denied,* 474 U.S. 851 (1985).

-3-

Here, Plaintiff makes no allegation that she ever filed a charge with the EEOC, the New

York State Human Rights Commission, or any other agency.  Consequently, Plaintiff has not met

the requirement of exhaustion of her remedies, and her Complaint requires dismissal.

## II.    PLAINTIFF CANNOT MAINTAIN HER EQUAL-PROTECTION CLAIM AGAINST THE INDIVIDUAL DEFENDANTS BASED ON ALLEGED RETALIATION.

Plaintiff asserts in her Second Cause of Action that the Individual Defendants violated

her right to Equal Protection under the Fourteenth Amendment.  Compl. ¶ 19.  Plaintiff asserts no

facts in support of this claim; she alleges merely that the Individual Defendants caused her "to

suffer [unspecified] denials of her right to Equal Protection by reason of her gender."  Compl. ¶

17.  This does not state an Equal Protection claim under § 1983.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim for

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

The complaint must have "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.* at 1965.  To state an Equal Protection claim, a

plaintiff must allege that the defendant has "distinguishe[d] between individuals based on

'unreasonable, arbitrary, or capricious differences that are irrelevant to a legitimate government

objective,'" *Bernheim v. Litt,* 79 F.3d 318, 323 (2d Cir. 1996) (internal citations omitted), and

that such conduct was intentional.  *Hayden v. County of Nassau,* 180 F.3d 42, 48 (2d Cir. 1999).

Nowhere in the Complaint has Plaintiff alleged any purposeful discriminatory conduct

based on her sex, much less that any of the Individual Defendants subjected Plaintiff to different

treatment based on her sex.  Stated otherwise, Plaintiff's Equal Protection claim is confined to

her lone statement in paragraph 17 regarding her unspecified denials of Equal Protection based

on her sex. This manner of conclusory pleading does not state a § 1983 Equal Protection claim. *See Rivera-Powell v. N.Y.C. Board of Elections,* 470 F.3d 458, 470 (2d Cir. 2006) (holding that conclusory allegation of racial discrimination in disqualifying candidate for public office did not state Equal Protection claim); *Cruz v. N.Y.C. Taxi and Limousine Comm.,* 2007 WL 4243861, at *3 (S.D.N.Y. Nov. 29, 2007) (holding that conclusory allegation that TLC had refused assistance because he was Hispanic did not state Equal Protection claim).

Nor does Plaintiff state a claim under § 1983 by alleging retaliation for a previous lawsuit. Although Plaintiff may bring a retaliation claim under Title VII, no right exists under the Equal Protection Clause to duplicate this claim. *Bernheim,* 79 F.3d at 323 (finding, in affirming dismissal of putative § 1983 retaliation claim styled as an Equal Protection claim, that "we know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of [] discrimination"). The same result should follow here. Plaintiff cannot use § 1983 as a vehicle to assert a putative Title VII retaliation claim.[5] *See also Lange v. Town of Monroe,* 213 F. Supp.2d 411, 419 (S.D.N.Y. 2002); *Worthington v. Suffolk,* 2007 WL 2115038, at *2 (E.D.N.Y. July 20, 2007); *Luca v. Nassau,* 2007 WL 1343670, at *5 (E.D.N.Y. May 8, 2007). This claim warrants dismissal.

## III.   THE INTRA-CORPORATE CONSPIRACY DOCTRINE BARS PLAINTIFF'S CONSPIRACY CLAIM.

In her Third Cause of Action, Plaintiff asserts that the Individual Defendants violated 42 U.S.C. § 1985(2). Compl. ¶ 21. This statute prohibits two or more individuals from conspiring to deter a person from attending or testifying at judicial proceedings or to injure a person for

---

[5]Notably, to do so would allow a plaintiff to bypass Title VII's administrative exhaustion requirement and circumvent Title VII's limits on damages.

having done so.  42 U.S.C. § 1985(2).

Under the intra-corporate conspiracy doctrine, no such conspiracy exists where all of the

alleged conspirators acted as agents of a single entity, each acting within the scope of his

employment.  *Hermann v. Moore,* 576 F.2d 453, 459 (2d Cir. 1978), *cert. denied,* 439 U.S. 1003

(1978).  The officers of a single corporate entity are legally incapable of conspiring together.  *Id.;*

*Henneberger v. Nassau,* 465 F. Supp.2d 176, 196 (E.D.N.Y. 2006) (holding that employees of

county could not conspire to discriminate against plaintiff on basis of age).  Conspiracy requires

participation by an external party.  *Cameron v. Church,* 253 F. Supp.2d 611, 623 (S.D.N.Y.

2003) (holding that agents of county could not conspire to force plaintiff's resignation).  *See also*

*Scott v. Goord,* 2004 WL 2403853, at *13 (S.D.N.Y. Oct. 27, 2004) (holding that employees of

state Department of Correctional Services could not conspire to deny medical care to plaintiff).

At all times as alleged in the Complaint, the Individual Defendants all acted as agents of

the Authority.  Compl. ¶¶ 4-10.  Thus, as agents of the Authority, the Individual Defendants

legally could not have conspired amongst themselves.  Accordingly, the § 1985(2) conspiracy

claim requires dismissal.

## IV.    PLAINTIFF HAS FAILED TO ALLEGE A FIRST AMENDMENT RETALIATION CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.

In her Fourth Cause of Action, Plaintiff asserts that the Individual Defendants retaliated

against her in violation of the First Amendment.  Compl. ¶ 23.  She alleges that the Individual

Defendants have attempted to kill or injure Plaintiff for having filed suit for sexual harassment

against the Authority and for having obtained a verdict adverse to Spagnola.  Compl. ¶¶ 3-5, 10-

14, 17.  These allegations do not support a claim under § 1983.

-6-

A First Amendment retaliation claim has two elements: (1) protected speech, and (2) an adverse employment action as a result of that protected speech. *Ezekwo v. N.Y.C. Health & Hosps. Corp.,* 940 F.2d 775, 780 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991). To qualify as protected speech under the first element, a public employee's speech must be a matter of public concern, and not a matter solely of personal interest. *Connick v. Myers,* 461 U.S. 138, 147 (1983). Whether the speech addresses a matter of public concern depends on the content, form, and context of the given statement. *Id.* at 147-48. The inquiry into the speech's protected status is one of law, not fact. *Id.* at 148 n.7.

In making that determination, the "heart of the matter is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'" *Ruotolo v. City of New York,* – F.3d –, 2008 WL 313795, at *4 (2d Cir. Feb. 6, 2008) (quoting *Lewis v. Cowen,* 165 F.3d 154, 163-64 (2d Cir. 1999)). Matters purely of personal interest or to redress personal grievances will not qualify as public concerns. *Tiltti v. Weise,* 155 F.3d 596, 602 (2d Cir. 1998); *De Los Santos v. City of New York,* 482 F. Supp.2d 346, 353 (S.D.N.Y. 2007). Where an employee "is 'not on a mission to protect the public welfare' but hopes merely to prosecute his own grievances, he has failed to implicate the public concern." *Thorpe v. Luisi,* 2005 WL 1863671, at *6 (S.D.N.Y. Aug. 4, 2005) (quoting *Ezekwo,* 940 F.2d at 781).

Where the speech at issue is a lawsuit, the content of the suit determines whether the First Amendment applies. *Ruotolo,* 2008 WL 313795, at *2. In *Ruotolo,* a retired police officer alleged acts of retaliation for having filed a lawsuit against the police department for earlier retaliation for having made a report about possible environmental hazards. *Id.* at *2-3. In affirming the Rule 12(b)(6) dismissal, the Second Circuit held that because the first lawsuit had

-7-

sought to redress personal grievances, it did not seek to advance a public purpose. *Id.* at *4.

Here, the speech in question is Plaintiff's 2005 lawsuit against Spagnola and others. Just as the plaintiff in *Ruotolo* had sought to redress personal grievances in his first action, Plaintiff in this action has similarly sought solely to redress personal grievances by her 2005 action. Specifically, Plaintiff's 2005 Complaint details specific episodes of sexual harassment by her supervisor. Ex. A, ¶ 10. Plaintiff further alleged that when she had rebuffed Spagnola, Spagnola retaliated against her with negative performance evaluations and that supervisors purportedly had not properly addressed the issue. Ex. A, ¶¶ 11-14. These allegations relate solely to Plaintiff. Consequently, the 2005 Complaint does not qualify as protected speech. *See also Payne v. Meeks*, 200 F. Supp.2d 200, 206 (E.D.N.Y. 2002) (holding that lawsuit for sexual assault did not implicate public concern); *Carrero v. N.Y.C. Housing Auth.*, 975 F. Supp. 501, 510 (S.D.N.Y. 1997) (holding that prior lawsuit for sexual harassment did not implicate public concern).

In other cases where complaints of sexual harassment concern only the plaintiff, courts have repeatedly held that retaliation for such complaints raises only a private concern and thus is not actionable under § 1983. *See, e.g., Saulpaugh v. Monroe Comm. Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994); *Bland v. State of New York*, 263 F. Supp.2d 526, 545 (E.D.N.Y. 2003); *Collins v. Christopher*, 48 F. Supp.2d 397, 409 (S.D.N.Y. 1999); *Settecase v. Port Auth. of N.Y. and N.J.*, 13 F. Supp.2d 530, 536 (S.D.N.Y. 1998); *Carrero*, 975 F. Supp. at 510; *Reidinger v. D'Amicantino*, 974 F. Supp. 322, 330 (S.D.N.Y. 1997); *Sebold v. Middletown*, 2007 WL 2782527, at *28 (D. Conn. Sept. 21, 2007); *DeFilippo v. N.Y.S. Unified Court Sys.*, 2006 WL 842400, at *15 (E.D.N.Y. Mar. 27, 2006), *aff'd*, 223 Fed. Appx. 45 (2d Cir. 2007); *Alexander v. City of New York*, 2004 WL 1907432, at *13 (S.D.N.Y. Aug. 25, 2004). Here, the

allegations of sexual harassment in Plaintiff's 2005 Complaint pertain exclusively to herself. All of the allegations in the 2005 Complaint are "personal in nature and generally related to her own situation." *Ezekwo,* 940 F.2d at 781.

Nowhere in the 2005 Complaint does Plaintiff allege that she is attempting to address a public concern, such as "to debate issues of sex discrimination" or to be "part of an overall effort to correct allegedly unlawful practices or bring them to public attention." *Saulpaugh,* 4 F.3d at 143. The 2005 Complaint focuses entirely on Plaintiff's own personal situation. As such, it does not raise First Amendment concerns. Accordingly, any alleged retaliation against Plaintiff for her 2005 sexual-harassment complaint fails to state a § 1983 claim and requires dismissal.

## CONCLUSION

Plaintiff cannot maintain any of her claims. Her Title VII claim against the Authority cannot stand because she has not exhausted her administrative remedies. Her second claim, a § 1983 Equal Protection claim against the Individual Defendants, cannot stand because she has not alleged any facts that would support an Equal Protection claim. Her third claim, alleging a conspiracy of the Individual Defendants, is barred by the intra-corporate conspiracy doctrine. Her fourth claim, which asserts that the Individual Defendants retaliated against her for filing a previous lawsuit for sexual harassment, does not state a claim under § 1983 because the speech at issue, i.e. the previous lawsuit, addressed only her own situation and not a matter of public concern. As such, retaliation for unprotected speech does not state a claim for a violation of the First Amendment under § 1983. Accordingly, none of Plaintiff's claims can stand, and the Complaint requires dismissal.

Dated: New York, New York
      February 15, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
*Attorney for Defendants Richard Iuele, Donny Eschrich, Kevin Dloughy, Ramesh Mehta, and New York State Thruway Authority*

By:    /s/ Joshua Pepper
      JOSHUA PEPPER
      Assistant Attorney General
      120 Broadway, 24th floor
      New York, NY 10271
      tel: 1-212-416-8567
      fax: 1-212-416-6075

JOSHUA PEPPER
Assistant Attorney General
 *Of Counsel*

-10-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JULIA BASILE,

                                 Plaintiff,                    05 Civ.

            -against-

WALTER SPAGNOLA, individually,                    **COMPLAINT**
FRANCES ROSALES, individually,
DONNY ESCHRICH, individually,                     **'05 CIV 10699**
ANDREW SCARPULLA, individually,
RICHARD IUELE, individually, and                  **Jury Trial Demanded**
The NEW YORK STATE THRUWAY
AUTHORITY,                                        JUDGE McMahon

                                 Defendants.

-------------------------------------------------------x

FILED DEC 2 0 2005 USDC WP SDNY

        Plaintiff JULIA BASILE, by her attorneys Lovett & Gould, LLP, for her

complaint respectfully alleges:


## NATURE OF THE ACTION

        1. This is an action for compensatory and punitive damages, proximately resulting

from Defendants' conduct, engaged in while acting in concert and under color of New

York State law, that violated Plaintiff's rights as guaranteed her by reason of Title VII

(gender, retaliation), the Fourteenth Amendment to the United States Constitution (Equal

Protection), and Sections 296 *et. seq.* of the New York State Human Rights Law.

1

## JURISDICTION

2. The Court's jurisdiction on the federal claims is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367. On February 2, 2005, Plaintiff duly filed a Charge of Discrimination (#165200500490) premised upon gender with the United States Equal Employment Opportunity Commission. A Notice of Right to Sue was thereafter issued by the United States Department of Justice on November 29, 2005.

## THE PARTIES

3. Plaintiff JULIA BASILE, a thirty-four year old single mother of two, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the County of Rockland. At all times relevant to this complaint she has been employed by the New York State Thruway Authority (hereinafter "Authority") since April 2003 as the only female welder assigned to work on the Tappan Zee Bridge.

4. Defendant WALTER SPAGNOLA (hereinafter "Spagnola"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Supervising Bridge Painter I assigned to the Tappan Zee Bridge. Spagnola is in his mid fifties and is married. During the period of times referenced *infra*, except as otherwise expressly indicated, Spagnola was Plaintiff's immediate supervisor despite the circumstance that he had no certifications whatsoever with respect to welding.

5. Defendant FRANCES ROSALES (hereinafter "Rosales"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was

2

employed by the said Authority as the Manager of Equal Opportunity. As such she is one of several Authority officials empowered with final discretionary decision-making authority to: determine in-house charges of discrimination premised upon gender; impose prompt remedial action with respect to such discrimination; and require any Authority employee/official who has violated the laws prohibiting gender discrimination in the workplace from ceasing any such violation.

6. Defendant DONNY ESCHRICH (hereinafter "Eschrich"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Supervising Bridge Painter II, assigned to the Tappan Zee Bridge.

7. Defendant ANDREW SCARPULLA (hereinafter "Scarpulla"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Bridge Maintenance Supervisor III, assigned to the Tappan Zee Bridge.

8. Defendant RICHARD IUELE (hereinafter "Iuele"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a Bridge Maintenance Engineer, assigned to the Tappan Zee Bridge.

9. Defendant NEW YORK STATE THRUWAY AUTHORITY (hereinafter "Authority") is a public authority created by and existing pursuant to the laws of the State of New York. As such the Authority operates/maintains the Tappan Zee Bridge.

## THE FACTS

10. Commencing within months of Plaintiff's being hired by the Authority, Spagnola embarked upon an open and notorious campaign of sexual harassment of Plaintiff by, *inter alia*:

a. Repeatedly placing his hand on her thigh,

b. Regularly hugging her,

c. Routinely putting his arm around her,

d. Daily observing her through binoculars, for extended periods of time, while Plaintiff was suspended under the Tappan Zee Bridge performing welding repairs - - conduct which Spagnola described to co-workers as Plaintiff "sunbathing",

e. Expressing himself to her in terms of obscenities,

f. Stalking her and staring at her,

g. Telephoning her at home, after work hours, to advise that he wanted to "eat her like a sandwich",

h. Inviting her to spend time with him at his "cabin" with the intent to engage in sexual relations,

i. Inviting himself to Plaintiff's home for dinner with the intent of engaging in sexual relations,

j. Making obscene gestures to her,

k. Forcibly grabbing her and attempting to stick his tongue down her throat,

l. Repeatedly standing within inches of her in a physically

4

threatening manner, while verbally degrading her in front of co-

workers, and,

    m. Cautioning her that if she did not accede to his sexual advances

       he would have her fired.

11. Plaintiff repeatedly and forcefully rejected Spagnola's sexually oriented

conduct, both verbally and physically, despite which he openly and notoriously:

    i. Persisted in that offensive conduct to the knowledge of the Authority's

      managerial staff both at the Tappan Zee Bridge and in Albany,

    ii. Took retaliatory action against Plaintiff by *inter alia*, falsely accusing

      her of wrongdoing on the job as a result of which she received

      unjustified, negative performance evaluations.

12. Under the circumstances Plaintiff in detail complained about Spagnola's

unwanted sexually hostile conduct to Defendants Eschrich, Scarpulla, and Iuele: a) each

one of whom although empowered to take remedial action, took no remedial action to

eliminate Plaintiff's hostile work environment; and b) each one of whom affirmatively

encouraged/condoned Spagnola's sexual harassment of and retaliation against Plaintiff as

a result of which that open and notorious harassment and retaliation continued unabated.

13. As a result Plaintiff filed a complaint with Rosales, reporting the on-going,

repeated, sexually harassing conduct as engaged in by Spagnola and

encourages/condoned by Eschrich, Scarpula and Iuele.

14. Rosales with the objective of insulating the Authority from suit and stifling

Plaintiff's in-house complaint, and with the knowledge and approval of other Thruway

administrators with final discretionary authority to administratively finally resolve

complaints of sexual harassment in the workplace, purported to investigate Plaintiff's

allegations. Despite overwhelming eye-witness testimony corroborating Plaintiff's

complaint, Rosales deliberately and falsely concluded that her claims were unfounded.

As a result, although Spagnola's direct supervisory relationship to Plaintiff ceased, his

sexually offensive and physically threatening conduct continued through the Summer of

2005.

15. As a proximate result of Defendants' pervasive and systemic gender

discriminatory conduct and retaliation, Plaintiff has been: caused emotional and anxiety

related difficulties requiring long-term medical treatment; caused financial damages;

publicly humiliated; publicly degraded; publicly embarrassed; publicly held up to

ridicule; publicly shamed; denied the benefits of a workplace free from gender

discrimination and/or retaliation for opposing same; denied Equal Protection by reason of

her gender; suffered repeated violations of her rights as guaranteed by state and federal

law, and otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE AUTHORITY

16. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "15", inclusive.

17. Under the premises Defendant violated Plaintiff's rights as guaranteed her by

reason of Title VII, 42 U.S.C. §2000e *et. seq.*

6

### AS AND FOR A SECOND CLAIM
### AGAINST DEFENDANTS SPAGNOLA,
### ROSALES, ESCHRICH, SCARPULLA
### AND IUELE

18. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "15", inclusive.

19. Under the premises Defendants violated Plaintiff's right to Equal Protection as

guaranteed her by reason of the Fourteenth Amendment to the United States Constitution,

42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM
### AGAINST THE AUTHORITY
### AND SPAGNOLA

20. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "15", inclusive.

21. Under the premises Defendant Authority's conduct as Plaintiff's employer

and the conduct of Defendants Spagnola as an aider and abettor, violated Plaintiff's rights

as guaranteed her by reason of New York State Executive Law §296 *et. seq.*

WHEREFORE judgment is respectfully demanded:

a. On the First Claim: awarding such compensatory and punitive damages

as the jury may impose along with costs, and reasonable attorney's fees,

b. On the Second Claim, awarding such compensatory and punitive

damages as the jury may impose, along with costs, and reasonable attorney's fees,

c. On the Third Claim, awarding such compensatory damages as the jury

may determine, and,

7

d. Granting such other and further relief as to the Court seems just and

proper.


Dated: White Plains, N.Y.
      December 19, 2005


                                 LOVETT & GOULD, LLP
                                 By:_____
                                     Jonathan Lovett (4854)
                               Attorneys for Plaintiff
                               222 Bloomingdale Road
                               White Plains, N.Y. 10605
                               914-428-8401