# LOVETT & GOULD, LLP
### ATTORNEYS AT LAW

JONATHAN LOVETT  
JANE BILUS GOULD

222 BLOOMINGDALE ROAD  
WHITE PLAINS N.Y. 10605

914-428-8401  
FAX 914-428-8916

KIM PATRICIA BERG+  
DRITA NICAJ+

+also admitted in New Jersey

February 25, 2008

Hon. Charles L. Brieant  
United States District Judge  
United States Courthouse  
300 Quarropas Street  
White Plains, N.Y. 10605

    Re: Basile v. Spagnola, 07 Civ. 11247 (CLB/MLS)

Dear Judge Brieant:

    With respect to the original complaint in the above-reference action Defendants moved to dismiss on four grounds: i) failure of the Plaintiff to exhaust her administrative remedies with the EEOC in connection with her Title VII retaliation claim; ii) legal insufficiency of a perceived Equal Protection retaliation claim; iii) intra-corporate conspiracy defense on the Section 1985(2) claim; and iv) failure to allege First Amendment retaliation claims against the individual Defendants. In response we filed an amended complaint that we submit renders the motion to dismiss academic.

    As to the failure to exhaust argument, Plaintiff previously filed a gender based charge of discrimination with the EEOC, obtained a Notice of Right to Sue, and sued the Thruway Authority on the basis of it. In the instant filing she alleges that Defendants have attempted to kill her in retaliation for that EEOC filing. Under the circumstances and under caselaw referenced in the amended complaint we do not believe a second trip to the EEOC is required.

    As to the Equal Protection Claim, the amended complaint makes it clear that the repeated attempts to kill the Plaintiff were motivated by her gender. It is thus clearly sufficient.

    With regard to the intra-corporate conspiracy defense, well settled caselaw makes it clear that when an alleged co-conspirator is engaging in conduct by reason of his personal stake in the retaliation, that defense is not available. See e.g. Girard v. 94th Street and Fifth Avenue, 530 F.2d 66, 71-2 (2d Cir. 1976); Little v. City of New York, 487 F.Supp. 2d 426, 441-2

1

Hon. Charles L. Brieant
February 25, 2008
Page -2-

(S.D.N.Y. 2007); <u>Roniger v. McCall</u>, 22 F.Supp.2d 156, 167-8 (S.D.N.Y. 1998); <u>Salgado v. City of New York</u>, 2001 WL 290051, *8 (S.D.N.Y); <u>Yeadon v. New York City Transit Authority</u>, 719 F. Supp. 204, 212-13 (S.D.N.Y. 1989).

    Finally and as to the First Amendment claim, the amended complaint makes it clear that the repeated attempts to kill Plaintiff have had a chilling effect violative of 42 U.S.C. §1983.

Respectfully,

Jonathan Lovett

JL:clp
Cc: Hon. Lisa Margaret Smith
    Joshua Pepper, Esq.