UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIA BASILE,                                           **NOTICE OF MOTION**

                            Plaintiff,
                                                        07 Civ. 11247 (CLB)
              -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,
                            Defendants.
-----------------------------------------------------------x


              PLEASE TAKE NOTICE that, upon the accompanying Declaration of Michael G.

Santangelo and the exhibits annexed thereto; Memorandum of Law in Support of Defendant's

Motion to Dismiss and upon all pleadings and proceedings heretofore had herein, the defendant,

WALTER SPAGNOLA, by his attorneys, MEDINA, TORREY, SANTANGELO, MAMO and

CAMACHO, P.C., will move this Court before the Honorable Charles L. Brieant, United States

District Judge, in the United States District Court for the Southern District of New York, located

at the U.S. Courthouse, 300 Quarropas Street, Room 218, White Plains, New York, 10601, on

April 18, 2008, at 10:00 a.m. for an Order pursuant to Fed. R. Civ. P. 12 ( c),  dismissing this

action in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: Hawthorne, New York
       March 19, 2008

Yours, etc.,

MEDINA, TORREY, SANTANGELO, MAMO and
CAMACHO, P.C.

By: _____
Michael G. Santangelo - 0543
Attorneys for Defendant-SPAGNOLA
95 Beekman Avenue
Sleepy Hollow, New York 10591


TO:     LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

        AAG JOSH PEPPER
        State of New York
        Office of the Attorney General
        120 Broadway
        New York, New York 10271

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JULIA BASILE,                                              **DECLARATION**

                    Plaintiff,

                                                           07 Civ. 11247 (CLB)

          -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,
                    Defendants.
-----------------------------------------------------------x

          MICHAEL G. SANTANGELO, an attorney duly admitted to practice law in the

Southern District of New York hereby affirms the following under the penalties of perjury:

          1.        I am in partner in the law firm of MEDINA, TORREY, SANTANGELO,

MAMO and CAMACHO, P.C., attorneys of record for defendant Walter Spagnola.

          2.        I submit this declaration in support of defendant Walter Spagnola's motion

to dismiss this action pursuant to Fed. R. Civ. P. 12( c).

          3.        Annexed hereto as Exhibit "A" is a copy of plaintiff's amended complaint

in this action.

          4.        Annexed hereto as Exhibit "B" is a copy of defendant Walter Spagnola's

amended answer in this action.

      5.     Annexed hereto as Exhibit "C" is a copy of the co-defendants' motion for

an Order pursuant to Fed. R.C.P. 12(c) to dismiss the action in its entirety.

      6.     For the reasons set forth in the accompanying memorandum of law,

defendant Walter Spagnola respectfully submits that its motion to dismiss should

be granted and the claims against Walter Spagnola be dismissed in their entirety.

Dated: Hawthorne, New York            Yours, etc.,
       March 19, 2008

                         MEDINA, TORREY, SANTANGELO, MAMO and
                         CAMACHO, P.C.

                         By: _____
                         Michael G. Santangelo - 0543
                         Attorneys for Defendant-SPAGNOLA
                         95 Beekman Avenue
                         Sleepy Hollow, New York 10591

TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiff
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

       AAG JOSH PEPPER
       State of New York
       Office of the Attorney General
       120 Broadway
       New York, New York 10271

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIA BASILE,

                    Plaintiff,

                                                    07 Civ. 11247 (CLB)

        -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,
                    Defendants.

-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## WALTER SPAGNOLA'S MOTION TO DISMISS

                        Respectfully submitted,

                        MEDINA, TORREY, SANTANGELO, MAMO and
                        CAMACHO, P.C.

                        By: _____
                        Michael G. Santangelo - 0543
                        Attorneys for Defendant-SPAGNOLA
                        95 Beekman Avenue
                        Sleepy Hollow, New York 10591

Of Counsel:
Michael G. Santangelo (0543)

## PRELIMINARY STATEMENT

Plaintiff, Julia Basile, brings this action against Walter Spagnola, Donny Esschrich, Kevin Delowe, Richard Juele, Ramesh Mehta and the New York State Thruway Authority asserting one cause of action against the New York State Thruway Authority and three separate causes of action against the individually named defendants charging violations of her Fourteenth Amendment Rights pursuant to 42 U.S.C. Section 1983 at 1985(2). Plaintiff's claim arises from her allegation that in her capacity as an employee for the New York State Thruway Authority, the defendants, individually, took numerous actions in attempt to kill and/or cause her death. Walter Spagnola now moves to dismiss this action based upon the same arguments which are incorporated herein and advanced in co-defendants Donny Eschrich, Kevin Delowe, Richard Juele, Ramesh Mehta and the New York State Thruway Authority's motion dated March 17, 2008.

## STATEMENT OF FACTS

Plaintiff alleges in her complaint that she has been employed as the only female welder designed to work on the Tappan Zee Bridge since 2003 (Compl., P. 1).

Plaintiff asserts that pursuant to a conspiracy, the defendants placed her welding truck in gear, causing it to slowly roll forward on the bridge while plaintiff was suspended under the bridge using a torch in connection with the welding (Compl., P. 11). Plaintiff also claims that defendants ordered her to perform work on a scaffolding that had been deliberately and defectively rigged with the objective of having plaintiff plummet from the scaffolding some 200 feet into the Hudson River. Finally, plaintiff claims that in a third attempt to kill her, defendants punctured a high pressure air hose which was intended to cause the hose to rupture while plaintiff was using it while suspended under the bridge.

**STANDARD OF REVIEW**

A motion to dismiss should be granted if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson,* 355

U.S. 41, 45-46 (1957).

**ARGUMENT**

Defendant Spagnola hereby incorporates the arguments submitted by the co-

defendants, a copy of which is annexed hereto as Exhibit C.

**CONCLUSION**

For the foregoing reasons, as set forth in co-defendants' motion to dismiss

and arguments contained herein, defendant Walter Spagnola respectfully submits that this action

be dismissed in its entirety, together with such further relief as it deems just and proper.

Dated: Hawthorne, New York          Yours, etc.,
       March 19, 2008

                                    MEDINA, TORREY, SANTANGELO, MAMO and
                                    CAMACHO, P.C.

                                    By: _____
                                    Michael G. Santangelo - 0543
                                    Attorneys for Defendant-SPAGNOLA
                                    95 Beekman Avenue
                                    Sleepy Hollow, New York 10591


TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiff
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

AAG JOSH PEPPER
State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271

## CERTIFICATE OF SERVICE

I, MICHAEL G. SANTANGELO, hereby certify that on March 19, 2008, I served the within NOTICE OF MOTION, DECLARATION and MEMORANDUM OF LAW, upon the attorneys of record, by electronic mail, as provided to defendants by notification from this Court as:

TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiff
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

       AAG JOSH PEPPER
       State of New York
       Office of the Attorney General
       120 Broadway
       New York, New York 10271

                              MICHAEL G. SANTANGELO-0543

# EXHIBIT A

No Summons Issued

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ORIGINAL

JULIA BASILE,

                              Plaintiff,              07 Civ.11247 (CLB/LMS)

        -against-

 WALTER SPAGNOLA, individually,          **FIRST AMENDED**
DONNY ESCHRICH, individually,             **COMPLAINT**
KEVIN DELOWE, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually,
and NEW YORK STATE THRUWAY              **Jury Trial Demanded**
AUTHORITY,



                              Defendants.
--------------------------------------------------------x

        Plaintiff JULIA BASILE, by her attorneys Lovett & Gould, LLP, for

her first amended complaint respectfully alleges:


## NATURE OF THE ACTION

        1. This is an action for compensatory and punitive damages, proximately

resulting from Defendants' conduct engaged in while acting in concert and under

color of New York State law, that violated Plaintiffs rights as guaranteed her by

reason of 42 U.S.C. § 1985(2), 42 U.S.C. §1983, Title VII, 42 U.S.C. §2000e

*et . seq.*, and Section 296 *et. seq* of the New York State Executive Law.


## JURISDICTION

        2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

On February 2, 2005, Plaintiff duly filed a Charge of Discrimination (#165200500490)

premised upon gender with the United States Equal Employment Opportunity

Commission. A Notice of Right to Sue was thereafter issued by the United States

Department of Justice on November 29, 2005. Since this action alleges retaliation by

reason of Plaintiff's having previously filed an EEOC charge, received a Notice of Right

to Sue, and prosecuted that the resulting Title VII claim against the New York State

Thruway Authority, the filing of a second Charge of Discrimination and/or the receipt of

a second Notice of Right to Sue is not required as a matter of law. Williams v. New York

city Housing Authority, 458 F.3d 67, 70, ftn. 1 (2d Cir. 2006); Butts v. City of New York

Department of Housing Preservation & Development, 990 F.2d 1397, 1401-3 (2d Cir.

1993). Plaintiff's supplemental state law claim is interposed pursuant to 28 U.S.C. §1367.


## THE PARTIES

3. Plaintiff JULIA BASILE, a thirty-four year old single mother, is a citizen of the

United States, a domiciliary of the State of New York, and a resident of the County of

Rockland. At all times relevant to this complaint she has been employed by the New York

State Thruway Authority (hereinafter "Authority") since April 2003 until recently as the

only female welder assigned to work on the Tappan Zee Bridge. In 2005 she filed a Title

VII and 42 U.S.C. § 1983 civil rights action against the Authority, Defendant Spagnola

and other Authority officials/employees by reason of a gender-based hostile work

environment. Basile v. Spagnola, 05 Civ. 10699 (LMS)(hereinafter "Basile I"). As

against Defendant Spagnola the case resulted in a plaintiff's jury verdict in the Spring of

2007 in the principal sum of $200,000 - - $50,000 of which was punitive damages. In

2008 Plaintiff was forced by reason of her gender to relocate to a different work location

within the Authority to avoid her being killed by co-workers as set forth infra.

4. Defendant WALTER SPAGNOLA (hereinafter "Spagnola"), who is sued in his individual and personal capacities only, at all times relevant to this complaint has for years been employed by the Authority as a "Supervising Bridge Painter" assigned to the Tappan Zee Bridge (hereinafter the "Bridge"). As such, and by reason of his seniority and political connections in the Authority, he *de facto* controls: i) the on-the-job conduct and/or misconduct of many of the Authority employees assigned to the Bridge, including each of his individually named co-defendants; and ii) many of the illegal and unauthorized workplace activities on the Bridge, including the circumstances referenced *infra*. Since Plaintiff's commencement of employment Spagnola has sexually abused her and *inter alia* stalked her in the workplace. Since the verdict in <u>Basile I</u> he has re-doubled his stalking activities with respect to Plaintiff - - all with the knowing consent and/or encouragement of his co-defendants. Spagnola's conduct as alleged herein has nothing whatsoever to do with his duties and/or responsibilities as an employee of the Authority; that conduct was in fact motivated by his personal stake in illegal conduct intended to cause Plaintiff's death because: i) as a female she not only refused to accede to his personal sexual entreaties, but openly opposed that illegal conduct; ii) she filed a Charge of Discrimination with the EEOC under Title VII because of Spagnola's gender discriminatory conduct as countenanced by the Authority; iii) she received a Notice of Right to Sue, and; iv) she successfully sued him for that unlawful conduct. Prior to Plaintiff's coerced relocation as set forth *supra* she repeatedly without success implored the Authority to transfer Spagnola from the Tappan Zee Bridge to a different work location in order to afford Plaintiff as safe work environment. The Authority refused to do so, by reason of Spagnola's gender, despite the jury verdict rendered in <u>Basile I</u>.

5. Defendant DONNY ESCHRICH (hereinafter "Eschrich"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a "Supervising Bridge Painter II", assigned to the Bridge. Eschrich, as a personal friend of Spanola and out of personal animus he harbors towards Plaintiff by reason of her gender, her opposition to Spagnola's sex-based discrimination in the workplace, her filing the said Charge of Discrimination with the EEOC, her receipt of a Notice of Right to Sue, and/or the jury verdict in Basile I, in or about August of 2007 entered in to a conspiratorial agreement (hereinafter the "conspiracy" or "plan") with Spagnola and co-defendants DeLowe, Mehta and Iuele - - known to and approved by administrators of the Authority with final, discretionary decision making authority regarding the conduct set forth *infra* - - to kill and/or cause the death of Plaintiff. Eschrich's conduct as alleged *infra* had nothing whatsoever to do with his duties and/or responsibilities as an employee of the Authority. In that connection Eschrich had a personal, not professional and/or corporate stake in causing Plaintiff's death.

7. Defendant RICHARD IUELE (hereinafter "Iuele"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as a "Bridge Maintenance Engineer", assigned to the Bridge. Iuele, also a friend of Spagnola who harbors the same animus towards Plaintiff as set forth with respect to Spagnola and Eschrich, knowingly and intentionally agreed to participate in the conspiracy in which he had the same referenced personal stake in causing Plaintiff's death.

8. Defendant KEVIN DELOWE (hereinafter "DeLowe"), who is sued in his individual and personal capacities, at all times relevant to this complaint was employed

by the Authority as a "Rigger" (whose function is *inter alia* to prepare scaffolding used in work assignments by amongst others the Plaintiff) assigned to the Bridge. DeLowe, another friend of Spanola who harbors the same animus towards Plaintiff as set forth with respect to Spagnola, Eschrich and Iuele, also knowingly and intentionally agreed to participate in the conspiracy. He also had the same referenced personal stake in causing Plaintiff's death.

9. Defendant RAMESH MEHTA (hereinafter "Mehta"), who is sued in his individual and personal capacities, at all times relevant to this complaint was employed by the Authority as the Director of the New York Region. He like his individually named co-defendants knowingly and intentionally agreed to participate in the conspiracy - - motivated by the same animus referenced *supra* and the same personal stake in causing Plaintiff's death.

10. Defendant NEW YORK STATE THRUWAY AUTHORITY (hereinafter "Authority") is a public authority created by and existing pursuant to the laws of the State of New York. As such the Authority operates/maintains the Bridge. The Authority was a named Defendant in Basile I and monitored through its counsel the trial in that action. By reason of Basile I the Authority has intentionally encouraged and condoned the individually named Defendants conspiratorial plan to retaliate against Plaintiff by reason of her: i) opposition to Spagnola's sexual entreaties; ii) filing the Charge of Discrimination with the EEOC; iii) receiving the Notice of Right to Sue; iv) prosecution of a Title VII claim against the Authority; and v) obtaining the verdict in that action.

## THE FACTS

11. In furtherance of Defendants' plan, and in connection with the first attempt by them to kill Plaintiff and/or cause her death, Defendants placed her welding truck in gear causing it to slowly roll forward on the Bridge while Plaintiff was suspended under the Bridge using a torch in connection with welding. But for the fortuitous intervention of Plaintiff's "helper", who stopped the truck and placed it in "park", the truck's motion would have severed the acetylene and oxygen lines that ran from the truck to Plaintiff's welding equipment under the Bridge causing a massive explosion and fireball with her certain resulting fatality - - along with extensive structural damage to the Bridge and/or serious physical injuries or death to motorists on the Bridge.

12. Thereafter Defendants ordered Plaintiff to perform work on a scaffolding that had been deliberately, defectively rigged (lacking "swing lows", "ties" and "clamps", leaving the scaffolding unsecured to the Bridge) with the objective of having Plaintiff plummet from the scaffolding approximately two hundred feet into the Hudson River. Fortuitously Plaintiff and her assigned co-worker noticed the defects and avoided certain serious injury or death by refusing to comply with Defendants' order. In that connection DeLowe subsequently expressly admitted to Plaintiff's co-worker that the defective rigging had been intentional and was calculated to injure the "bitch" and "break Julia's balls".

13. In a third attempt to kill and/or cause Plaintiff's death, Defendants punctured a high pressure air hose, a circumstance that was intended to cause the hose (under 1,500 pounds of pressure) to rupture when Plaintiff was using it while suspended under the Bridge. Fortuitously while Plaintiff's assigned co-worker instead began using the air hose

below the surface of the Bridge Plaintiff, on the Bridge surface, saw the line begin to shred and shut off the compressor - - preventing a blast of pressurized air from blowing her co-worker off of the scaffolding and into the River, where he would have certainly been killed.

14. By way of multiple other retaliatory attempts to sabotage Plaintiffs work environment and cause her serious bodily injury or death Defendants have:

      a. Repeatedly tampered with her welding truck, rendering it unsafe to operate,

      b. Repeatedly tampered with combustible fuel tanks, required to be used by her in connection with welding, with a view towards causing them to explode, and, *inter alia,*

      c. Repeatedly tampered with her air compressor with a view towards causing an explosion while Plaintiff was using it.

15. Most recently when Plaintiff's immediate supervisor confronted Eschrich regarding the multiple attempts on Plaintiff s life and requested his active intervention to prevent a tragedy, Eschrich responded: "She deserves whatever she gets".

16. With respect to the sabotage and attempts on her life Plaintiff has repeatedly reported these circumstances to the New York State Police, who have refused out of deference to the well-established lawless behavior routinely engaged in by the Authority and its officials/employees, to investigate and/or take any proactive law enforcement action to protect her from the Defendants' criminal misconduct.

17. As a proximate result of Defendants' conduct Plaintiff has been caused to: endure for months, and continuing to date, relentless fear and terror; suffer extreme emotional upset; suffer

extreme anxiety; suffer financial damages; endure public humiliation, public degradation, public

embarrassment, public ridicule, public shame; suffer on-going gender discriminatory violations

of her right to Equal Protection because *inter alia* she successfully sued Spagnola for violations

of her rights as guaranteed by 42 U.S.C. § 1983; suffer on-going retaliation by the Authority

because in <u>Basile I</u> Plaintiff named the Authority as a defendant with respect to a Title VII claim;

suffer on-going death threats and related retaliatory conduct because she testified against

Spagnola and the Authority in Federal Court during her trial; to suffer denials of her right to

Equal Protection by reason of her gender; suffer daily stalking, harassing and threatening

behavior purposefully and openly engaged in by Spanola on the Bridge; suffer a chilling in her

prospective exercise of her First Amendment rights to free speech and to petition government for

the redress of grievances with respect to criminal wrongdoing engaged in by the Authority,

routine on-the-job use of illicit drugs by Authority employees, routine on-the-job card playing

and/or gambling by Authority employees, routine on-the-job sleeping by Authority employees,

waste of public moneys by the Authority, theft of public property with impunity by employees of

the Authority, and *inter alia* unsafe roadway and structural conditions on and under the Bridge

that daily put motorists who use that Bridge at risk of serious injury or death ; and she has

otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### AGAINST THE AUTHORITY

18. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "17", inclusive.

17. Under the premises Defendant's retaliatory conduct violated Plaintiffs rights as

guaranteed her by reason of Title VII, 42 U.S.C. §2000e *et. seq.*

8

### AS AND FOR A SECOND CLAIM
### AGAINST THE INDIVIDUALLY
### NAMED DEFENDANTS

18. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "17", inclusive.

19. Under the premises Defendants' conduct violated Plaintiff's right to Equal

Protection as guaranteed her by reason of the Fourteenth Amendment to the United States

Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM
### AGAINST THE INDIVIDUALLY
### NAMED DEFENDANTS

20. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "17", inclusive.

21.    Under the premises Defendants conspiracy and their acts taken in furtherance

of it violated Plaintiff's rights as guaranteed by 42 U.S.C. § 1985(2).

### AS AND FOR A FOURTH CLAIM
### AGAINST THE INDIVIDUALLY
### NAMED DEFENDANTS

22. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "17", inclusive.

23. Under the premises Defendants' retaliatory conduct violated Plaintiff's rights as

guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. § 1983.

9

## AS AND FOR A FIFTH CLAIM
## AGAINST THE INDIVIDUALLY
## NAMED DEFENDANTS

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive.

25. Under the premises Defendants violated Plaintiff's rights as guaranteed by Section 296 *et. seq* of the New York State Executive Law.

WHEREFORE judgment is respectfully demanded:

    a. Awarding on the Second, Third and Fourth Claims against the individually named Defendants such punitive damages as the jury may impose,

    b. Awarding on the First, Second, Third, Fourth and Fifth Claims as against all Defendants such compensatory damages as the jury may determine,

    c. Awarding on the First, Second, Third and Fourth claims against all Defendants costs and reasonable attorney's fees, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       February 20, 2008

LOVETT & GOULD, LLP
By:
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

10

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIA BASILE,

                Plaintiff,

       -against-

WALTER SPAGNOLA, individually, DONNY
ESCHRICH, individually, KEVIN DELOWE,
individually, RICHARD JUELE, individually,
RAMESH MEHTA, individually and THE NEW
YORK STATE THRUWAY AUTHORITY,

                Defendants.
-----------------------------------------------------------x

**ANSWER TO FIRST
AMENDED COMPLAINT**

07 Civ. 11247 (CLB)

For the answer to the complaint of the plaintiffs in the above entitled case,

defendant, WALTER SPAGNOLA, by his attorneys, MEDINA, TORREY, SANTANGELO,

MAMO and CAMACHO, P.C., say:

### NATURE OF ACTION

    1.    The allegations contained in paragraph "1" of the complaint constitute

conclusions of law to which defendants makes no answer except to demand strict proof thereof

and respectfully refer any and all questions of law to this Honorable Court. Further, defendant

denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

### JURISDICTION

    2.    The allegations contained in paragraph "2" of the complaint constitute

conclusions of law to which defendants makes no answer except to demand strict proof thereof

and respectfully refer any and all questions of law to this Honorable Court. Further, defendant

denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

## THE PARTIES

3.    Defendant admits the allegations contained in paragraph "3" of the complaint except denies that plaintiff was forced by reason of her gender to relocate to a different work location to avoid being killed by her co-workers.

4.    Defendant denies the allegations contained in paragraph "4" of the plaintiff's complaint except admits that defendant Spagnola has been employed by the Authority as a "Supervisory Bridge Painter".

5.    Defendant denies the allegations contained in paragraph "5" of the plaintiff's complaint except admits that defendant Eschrich was employed as a "Supervisory Bridge Painter II" by the Authority".

6.    There is no paragraph "6" in plaintiff's complaint.

7.    Defendant denies the allegations contained in paragraph "7" of the plaintiff's complaint except admits that defendant Iuele was employed by the authority as a "Bridge Maintenance Engineer"

8.    Defendant denies the allegations contained in paragraph "8" of the plaintiff's complaint except admits that defendant Delowe was employed by the Authority as a "Rigger".

9.    Defendant denies the allegations contained in paragraph "9" of the plaintiff's complaint except admits that defendant Mehta was employed by the Authority as the Director of the New York Region.

10.    Defendant denies the allegations contained in paragraph "10" of the plaintiff's complaint except admits that the state is a public authority which operates/maintains the bridge.

## THE FACTS

11.    Defendant denies the allegations contained in paragraph "11" of the plaintiff's complaint.

12.    Defendant denies the allegations contained in paragraph "12" of the plaintiff's complaint excepts deny knowledge or information concerning any alleged statements made by defendant DeLowe.

13.    Defendant denies the allegations contained in paragraph "13" of the plaintiff's complaint.

14.    Defendant denies the allegations contained in paragraph "14" of the plaintiff's complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of plaintiff's complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of plaintiff's complaint.

17.    Defendant denies the allegations contained in paragraph "17" of the plaintiffs' complaint.

## ANSWERING A FIRST CLAIM AGAINST THE AUTHORITY

18.    Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

17.    Defendant denies the allegations contained in paragraph "17" of the plaintiff's complaint.[1]

---

[1]    Plaintiff has misnumbered this paragraph in the complaint.

## ANSWERING A SECOND CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

18.    Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

19.    Defendant denies the allegations contained in paragraph "19" of the plaintiff's complaint.

## ANSWERING A THIRD CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

20.    Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

21.    Defendant denies the allegations contained in paragraph "21" of the plaintiff's complaint.

## ANSWERING A FOURTH CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

22.    Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

23.    Defendant denies the allegations contained in paragraph "23" of the plaintiff's complaint.

## ANSWERING A FIFTH CLAIM AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

24.    Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-17 of this Answer with the same force and effect as if set forth more fully at length herein.

25.    Defendant denies the allegations contained in paragraph "25" of the

plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26.    The Court lacks subject matter jurisdiction over the case in controversy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27.    The answering defendant alleges that the Complaint on file herein fails to

state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.    Any conduct which is alleged by plaintiff is ***de minimis*** and insubstantial and

as such the allegations fail to establish a claim upon relief under 42 U.S.C. Section 1983.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.    The answering defendant alleges that any harm which came to plaintiff was

a direct and proximate result of plaintiff's own actions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.    At all times relevant hereto, plaintiff was treated in manner as other

employees in similar circumstances.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.    Plaintiff has failed to exhaust her administrative remedies and/or State Court

remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.    Plaintiff's, rights, privileges and immunities secured under the Constitution,

or laws of the United States, if they exist at all, have not been violated by an alleged action of the

defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.  Some or all of plaintiff's claims may be barred by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.  This answering defendant incorporates any affirmative defense plead by any other defendant herein.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.  Plaintiff's claim of conspiracy is barred by the "intercorporate conspiracy doctrine".

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36.  Defendant, to the extent he is sued in his individual capacity, is entitled to qualified immunity since at all times he acted in good faith in the discharge of his job duties and his conduct did not violate any clearly established constitutional

**W H E R E F O R E,** the defendant prays judgment that the complaint of the

plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's

fees awarded to defendants.

Dated: Hawthorne, New York      Yours, etc.,
       March 14, 2008

                           MEDINA, TORREY, SANTANGELO, MAMO
                           and CAMACHO, P.C.,

                           By: _____
                           Michael G. Santangelo - 0543
                           Attorneys for Defendant-SPAGNOLA
                           95 Beekman Avenue
                           Sleepy Hollow, New York 10591

TO:     LOVETT & GOULD, LLP
         Attorneys for Plaintiff
         222 Bloomingdale Road
         White Plains, New York 10605
         (914) 428-8401

         AAG JOSH PEPPER
         State of New York
         Office of the Attorney General
         120 Broadway
         New York, New York 10271

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA BASILE,

                Plaintiff,

    -against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DELOWE, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

                Defendants.

Docket Number 07-Civ.-11247
(CLB) (LMS)

**NOTICE OF MOTION**

TO:    Jonathan Lovett, Esq.
        222 Bloomingdale Road
        White Plains, NY 10605
        Tel: 914-428-8401

        Michael Santangelo, Esq.
        95 Beekman Avenue
        Sleepy Hollow, NY 10591
        Tel: 914-741-2929

        PLEASE TAKE NOTICE that Defendants DONNY ESCHRICH, KEVIN DLOUGHY,

RICHARD IUELE, RAMESH MEHTA, and NEW YORK STATE THRUWAY AUTHORITY

will move before this Court, before the Honorable Charles L. Brieant, United States District

Judge, at the United States Courthouse, United States District Court for the Southern District of

New York, located at 300 Quarropas Street, White Plains, New York 10601, in Room 218, on

April 18, 2008, at 10 am, or at such time thereafter as counsel may be heard, for an Order

pursuant to Fed. R. Civ. Proc. 12(b)(6) dismissing the First Amended Complaint in its entirety,

together with costs, disbursements, attorneys' fees, and such other and further relief as the Court

may deem just and proper.

PLEASE TAKE FURTHER NOTICE that in support of their motion, Defendants shall

rely on the accompanying Memorandum of Law in Support of Motion To Dismiss First

Amended Complaint, dated March 17, 2008, the attached exhibit thereto, and the First Amended

Complaint, and every other paper filed heretofore in this action.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 6.1(b) of the Local Rules of

the United States District Court for the Southern and Eastern Districts of New York, Plaintiff's

answering papers, if any, should be served upon counsel for Defendant no later than March 31,

2008.  Reply papers will be served no later than April 7, 2008.


Dated: New York, New York
     March 17, 2008

                      ANDREW M. CUOMO
                      Attorney General of the State of New York
                      *Attorney for Defendants*

        By:    /s/   Joshua Pepper
                JOSHUA PEPPER
                Assistant Attorney General
                120 Broadway, 24th floor
                New York, New York 10271
                Tel: 212-416-8567
                Fax: 212-416-6075

JOSHUA PEPPER
Assistant Attorney General
 *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA BASILE,

                        Plaintiff,

        -against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DLOUGHY, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

                        Defendants.

Docket Number 07-Civ.-11247
(CLB) (LMS)

**CERTIFICATE OF
SERVICE**

        I, Joshua Pepper, do hereby certify that I am an attorney admitted to this Court, and I am

not a party to the above-captioned proceedings. On March 17, 2008, I personally served, via

electronic mail, the Defendants' Notice of Motion and Memorandum of Law in Support of

Motion To Dismiss, upon the following:

        Jonathan Lovett, Esq.
        222 Bloomingdale Road
        White Plains, NY 10605
        Tel: 914-428-8401

        Michael Santangelo, Esq.
        95 Beekman Avenue
        Sleepy Hollow, NY 10591
        Tel: 914-741-2929

                        /s/ Joshua Pepper
                        JOSHUA PEPPER

Dated: New York, New York
        March 17, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Original Filed by ECF

JULIA BASILE,

                Plaintiff,

    -against-

WALTER SPAGNOLA, individually,
DONNY ESCHRICH, individually,
KEVIN DELOWE, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

                Defendants.

Docket Number 07-Civ.-11247
(CLB) (LMS)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## FIRST AMENDED COMPLAINT

ANDREW M. CUOMO
Attorney General of the
  State of New York
*Attorney for the Defendants*
120 Broadway
New York, New York 10271
(212) 416-8567


JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   PLAINTIFF CANNOT MAINTAIN A TITLE VII ACTION IN THIS COURT
     AGAINST THE AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A.   Plaintiff Has Not Exhausted Her Administrative Remedies . . . . . . . . . . . . . . . . 5

     B.   On the Merits, Plaintiff Has Not Alleged Retaliation by the Authority . . . . . . . . 8

II.  PLAINTIFF HAS NOT STATED A § 1983 CLAIM AGAINST THE INDIVIDUAL
     DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     A.   Plaintiff Has Failed To Allege Facts That Would Support an Equal
          Protection Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     B.   Plaintiff Has Failed To Allege Facts That Would Support a First
          Amendment Retaliation Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     C.   Plaintiff Has Not Alleged That the Individual Defendants Acted
          Under Color of State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

III. PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO STATE A
     CONSPIRACY CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IV.  DISMISSAL OF THE FIRST FOUR CLAIMS WARRANTS DISMISSAL OF
     PLAINTIFF'S STATE-LAW CLAIM FOR LACK OF SUBJECT-MATTER
     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Alexander v. City of New York,*
    2004 WL 1907432 (S.D.N.Y. Aug. 25, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Alfonso v. Costello,*
    294 F.3d 365 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Alungbe v. Board of Trustees of Conn. State Univ. Syst.,*
    283 F. Supp.2d 674 (D. Conn. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Amer. Manufacturers Mutual Insurance Co. v. Sullivan,*
    526 U.S. 40 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Angola v. Civiletti,*
    666 F.2d 1 (2d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Annett v. Univ. of Kansas,*
    371 F.3d 1233 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Baldwin County Welcome Ctr. v. Brown,*
    466 U.S. 147 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Banisaied v. Clisham,*
    992 F. Supp. 128 (D. Conn. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bell Atl. Corp. v. Twombly,*
    127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Berk v. City of N.Y.,*
    2004 WL 1918701 (S.D.N.Y. Aug. 20, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Bernheim v. Litt,*
    79 F.3d 318 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Bland v. State of New York,*
    263 F. Supp.2d 526 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Buck v. Bd. of Elections of City of N.Y.,*
    536 F.2d 522 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Burlington Industries, Inc. v. Ellerth,*
        524 U.S. 742 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Cameron v. Church,*
        253 F. Supp.2d 611 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Carlos v. Santos,*
        123 F.3d 61 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Carrero v. N.Y.C. Housing Auth.,*
        975 F. Supp. 501 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ciambriello v. County of Nassau,*
        292 F.3d 307 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Collins v. Christopher,*
        48 F. Supp.2d 397 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Colombo v. O'Connell,*
        310 F.3d 115 (2d Cir. 2002), *cert. denied,* 538 U.S. 961 (2003) . . . . . . . . . . . . . . . . . . . 15

*Connick v. Myers,*
        461 U.S. 138 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Cruz v. N.Y.C. Taxi and Limousine Committee,*
        2007 WL 4243861 (S.D.N.Y. Nov. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*DeFilippo v. N.Y.S. Unified Court Sys.,*
        2006 WL 842400 (E.D.N.Y. Mar. 27, 2006), *aff'd,* 223 Fed. Appx. 45
        (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*De Los Santos v. City of New York,*
        482 F. Supp.2d 346 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*DiProjetto v. Morris Protective Service,*
        489 F. Supp.2d 305 (W.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ezekwo v. N.Y.C. Health & Hospitals Corp.,*
        940 F.2d 775 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991) . . . . . . . . . . . . 12, 13, 14

*Faragher v. City of Boca Raton,*
        524 U.S. 775 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iii

*Gonzaga Univ. v. Doe,*
    536 U.S. 273 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hale v. Marsh,*
    808 F.2d 616 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hayden v. County of Nassau,*
    180 F.3d 42 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Henneberger v. Nassau,*
    465 F. Supp.2d 176 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Hermann v. Moore,*
    576 F.2d 453 (2d Cir. 1978), *cert. denied,* 439 U.S. 1003 (1978) . . . . . . . . . . . . . . . . . 18

*Hickey-McAllister v. British Airways,*
    978 F. Supp. 133 (E.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Holtz v. Rockefeller & Co., Inc.,*
    258 F.3d 62 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Julian v. N.Y.C. Transit Auth.,*
    857 F. Supp. 242 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kern v. City of Rochester,*
    93 F.3d 38 (2d Cir. 1996), *cert. denied,* 520 U.S. 1155 (1997) . . . . . . . . . . . . . . . . . 10, 15

*Kuriakose v. City of Mt. Vernon,*
    41 F. Supp.2d 460 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Lange v. Town of Monroe,*
    213 F. Supp.2d 411 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lee v. Kroger Co.,*
    901 F. Supp. 1218 (S.D. Tex 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lewis v. Cowen,*
    165 F.3d 154 (2d Cir. 1999), *cert. denied,* 528 U.S. 823 (1999) . . . . . . . . . . . . . . . . . 13

*Luca v. Nassau,*
    2007 WL 1343670 (E.D.N.Y. May 8, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mack v. Otis Elevator Co.*,
    326 F.3d 116 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Malarkey v. Texaco, Inc.*,
    983 F.2d 1204 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Marshel v. Westchester County*,
    1999 WL 1256252 (S.D.N.Y. Dec. 27, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Mass v. McClenahan*,
    893 F. Supp. 225 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Mathews v. Columbia Coll. Chicago*,
    435 F. Supp.2d 805 (N.D. Ill. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meritor Savings Bank, FSB v. Vinson*,
    477 U.S. 57 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Miller v. Int'l Tel. and Teleg. Corp.*,
    755 F.2d 20 (2d Cir. 1985), *cert. denied*, 474 U.S. 851 (1985) . . . . . . . . . . . . . . . . . . 6, 7

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ostrer v. Aronwald*,
    567 F.2d 551 (2d Cir.1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Payne v. Meeks*,
    200 F. Supp.2d 200 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Pitchel v. Callan*,
    13 F.3d 545 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Polur v. Raffe*,
    912 F.3d 52 (2d Cir. 1990), *cert. denied*, 499 U.S. 937 (1991) . . . . . . . . . . . . . . . . . . 16

*Reidinger v. D'Amicantino*,
    974 F. Supp. 322 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Rigby v. Coughlin*,
    730 F. Supp. 1196 (N.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Rivera-Powell v. N.Y.C. Board of Elections,*
    470 F.3d 458 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Romer v. Morgenthau,*
    119 F. Supp.2d 346 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Rothman v. Gregor,*
    220 F.3d 81 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ruotolo v. City of New York,*
    514 F.3d 184 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*San Filippo v. U.S. Trust Co. of New York, Inc.,*
    737 F.2d 246 (2d Cir. 1984), *cert. denied,* 470 U.S. 1035 (1985) . . . . . . . . . . . . . . . . . 18

*Saulpaugh v. Monroe Committee Hospital,*
    4 F.3d 134 (2d Cir. 1993), *cert. denied,* 510 U.S. 1164 (1994) . . . . . . . . . . . . . . . . . 14, 15

*Scalisi v. Fund Asset Mgt., L.P.,*
    380 F.3d 133 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Screws v. U.S.,*
    325 U.S. 91 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sebold v. Middletown,*
    2007 WL 2782527 (D. Conn. Sept. 21, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Settecase v. Port Authority of N.Y. and N.J.,*
    13 F. Supp.2d 530 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sommer v. Dixon,*
    709 F.2d 173 (2d Cir. 1983) *cert. denied,* 464 U.S. 857 (1983) . . . . . . . . . . . . . . . . . . . 19

*Stewart v. INS,*
    762 F.2d 193 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Thomas v. Roach,*
    165 F.3d 137 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Thorpe v. Luisi,*
    2005 WL 1863671 (S.D.N.Y. Aug. 4, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

vi

*Tiltti v. Weise,*
    155 F.3d 596 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Valencia ex. rel. Franco v. Lee,*
    316 F.3d 299 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Webb v. Goord,*
    340 F.3d 105 (2d Cir. 2003), *cert. denied,* 540 U.S. 1110 (2004) . . . . . . . . . . . . . . . . . . 17

*Worthington v. Suffolk,*
    2007 WL 2115038 (E.D.N.Y. July 20, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Federal Statutes

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
42 U.S.C. § 1985(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
42 U.S.C. § 2000e-3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Federal Rules

FRCP 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendants RICHARD IUELE ("Iuele"), DONNY ESCHRICH ("Eschrich"), KEVIN DLOUGHY ("Dloughy"), RAMESH MEHTA ("Mehta") (collectively the "Individual Defendants")[1] and NEW YORK STATE THRUWAY AUTHORITY (the "Authority") in support of their Motion To Dismiss the First Amended Complaint ("FAC") pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). The FAC has failed to cure any of Plaintiff's deficiencies.

Plaintiff cannot sustain her First Claim, a Title VII claim against the Authority, because she has failed to file a charge based on this claim with the EEOC, to receive a right-to-sue letter from the EEOC, or to file suit within 90 days of receiving such a letter, all of which are prerequisites to her Title VII claim. The simple allegation of "retaliation" does not allow her to circumvent the administrative process and commence a new federal action. To authorize such a practice would render the administrative process superfluous in derogation of Title VII. Moreover, Plaintiff's new allegation that the Individual Defendants acted completely separately from and outside the scope of their agency with the Authority precludes the possibility that her employer, the Authority, committed any acts of discrimination.

Plaintiff's federal claims against the Individual Defendants — violation of Equal Protection, First Amendment retaliation, and conspiracy — fare no better. *See* Second through Fourth Claims. As to the charge of violation of Equal Protection, Plaintiff has failed to allege that any of the Individual Defendants treated her differently on account of her sex. Regarding the

---

[1] The Attorney General does not represent Walter Spagnola ("Spagnola"), another individual defendant in this action. The term "Individual Defendants" will refer only to those individuals represented by the Attorney General.

1

charge of First Amendment retaliation, she has failed to allege that she engaged in any protected speech. The only speech on which Plaintiff relies in support of her First Amendment retaliation claim is her previous lawsuit in 2005, which solely concerned her claims of sexual harassment. Because that lawsuit related only to Plaintiff's individual situation and not to some broader public purpose, the lawsuit does not constitute protected speech that would support a § 1983 claim. Moreover, with her new allegation regarding the Individual Defendants' separation from the Authority, Plaintiff does not allege that the Individual Defendants acted under color of state law.

While Plaintiff presumably has relied on this new allegation in an attempt to avoid dismissal of the FAC under the intra-corporate conspiracy doctrine, her effort is unavailing. Plaintiff still has failed to allege anything beyond the legal conclusion of conspiracy. She has alleged no facts that would support an inference of concerted action, no overt acts by any individuals in furtherance of the alleged conspiracy, and no details, such as the dates on which these acts allegedly occurred, that could allow Defendants to prepare their defense intelligently. Thus, Plaintiff has not pled the requisite facts to survive a motion to dismiss a conspiracy claim.

Finally, Plaintiff's latest claim set forth in her Fifth Claim pursuant to the New York State Human Rights Law cannot survive because this Court's subject-matter jurisdiction rests solely on the presence of the federal claims, all of which warrant dismissal. The state-law claim should follow the same path.

## FACTS AND PROCEDURAL HISTORY

Plaintiff began working as a welder for the Authority in April 2003. FAC ¶ 3. At all times relevant to the Complaint, Plaintiff was working as a welder at the Tappan Zee Bridge. *Id.*

In 2005, Plaintiff filed her first lawsuit (the "2005 Complaint," attached hereto as Exhibit A)[2] against the Authority, Spagnola, Eschrich, Iuele, and two other individuals. FAC ¶ 3. In the 2005 Complaint, Plaintiff alleged that Spagnola had subjected her to unwelcome sexual advances, daily observed her through binoculars, stared at her, expressed obscenities to her, telephoned her at her home, invited himself to her home for dinner, and invited her to his cabin. Ex. A, ¶ 10. In addition, Plaintiff claimed that she had complained about Spagnola's conduct to the other individual defendants but had not received an adequate response. Ex. A, ¶¶ 12-14.

On November 27, 2006, Plaintiff filed another lawsuit against the Authority, Iuele, Eschrich, and Mehta. Case No. 06-Civ.-13483, Docket Entry #1 (the "2006 Complaint"). The 2006 Complaint alleged retaliation in the form of having accused Plaintiff of various instances of wrongdoing on the job, including stealing Authority money, abandoning her job duties, wasting time, and several other accusations. *Id.* Plaintiff voluntarily withdrew the 2006 Complaint on January 8, 2007. Case No. 06-Civ.-13483, Docket Entry #11.

On April 12, 2007, Magistrate Judge Lisa M. Smith entered summary judgment[3] in favor of the Authority, Eschrich, Iuele, and two other Authority employees in the 2005 lawsuit. Case No. 05-cv-10699, Docket Entry # 54. Spagnola never moved for summary judgment, and Plaintiff ultimately obtained a verdict against Spagnola. FAC ¶ 3.

Plaintiff filed her original Complaint in this action on December 14, 2007 (the "2007

---

[2]The 2005 Complaint is attached here for the convenience of the Court. Plaintiff relied upon it in her Complaint in this action, and it is thus part of the Complaint. *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000). Also, it is in the public record, and this Court can take judicial notice of its content. *Id.* at 92.

[3]The parties had consented to Magistrate Judge Smith's jurisdiction. Case No. 05-cv-10699, Docket Entry #21.

3

Complaint"). The 2007 Complaint asserted a Title VII cause of action against the Authority and three causes of action against the Individual Defendants. *Id.* Plaintiff now alleges that Defendants have attempted to murder her in retaliation for the unsuccessful lawsuit against them and the verdict against Spagnola. FAC ¶¶ 5, 10. More specifically, she claims that on an unspecified date, an unspecified Defendant placed her truck in gear, and it began slowly rolling forward. FAC ¶ 11. When the truck nearly ran over the acetylene and oxygen tubes that ran to Plaintiff's equipment, Plaintiff's co-worker discovered the problem, stopped the truck, and placed it in "park." *Id.* On another unidentified occasion, Plaintiff performed work on a scaffolding whose rigging Plaintiff alleged to be defective. FAC ¶ 12. On a third unidentified occasion, a hole blew out of the hose that connected an air compressor to Plaintiff's blowtorch. FAC ¶ 13. Plaintiff also alleges unspecified tampering by unspecified Defendants with her truck, her fuel tanks, and her air compressor. FAC ¶ 14.

On January 21, 2008, by mutual agreement, the Authority transferred Plaintiff from the Tappan Zee bridge to another position with the Authority. FAC ¶ 3.

On February 15, 2008, the Authority and the Individual Defendants moved to dismiss the 2007 Complaint. In response, Plaintiff filed the First Amended Complaint. The FAC added the allegation that Plaintiff had filed a charge of discrimination with the EEOC on February 2, 2005, and had received a right-to-sue letter on November 29, 2005, based on the allegations in the 2005 Complaint. FAC ¶ 2. The FAC also alleged that the conduct of all of the Individual Defendants "had nothing whatsoever to do with [their] duties and/or responsibilities as an employee of the Authority." FAC ¶ 5. *See also* FAC ¶¶ 7, 8, 9. The FAC also added a count of violation of the New York State Human Rights Law. FAC ¶ 25.

4

Plaintiff seeks only monetary damages and does not seek injunctive relief against the Defendants. FAC ¶ 25.

## ARGUMENT

### I.   PLAINTIFF CANNOT MAINTAIN A TITLE VII ACTION IN THIS COURT AGAINST THE AUTHORITY.

Plaintiff cannot maintain her Title VII claims against the Authority for two independent reasons. First, Plaintiff has not exhausted her administrative remedies with respect to the allegations in the FAC. Amending her complaint to allege reliance on a two-year-old right-to-sue letter based on different allegations and pursuant to which she has already sued in federal court does not cure this defect. Second, by alleging that the Individual Defendants' actions had "nothing whatsoever to do with their duties" with the Authority, Plaintiff has precluded any basis of imputing their alleged murder attempts to the Authority.

#### A.    Plaintiff Has Not Exhausted Her Administrative Remedies.

An individual must file a charge with the EEOC or an analogous state or local agency within 180 or 300 days after the unlawful employment practice occurred. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002). The term "practice" applies to a discrete single act or occurrence "even when it has a connection to other acts." *Id.* at 111. Each discriminatory act "starts a new clock for filing charges alleging that act." *Id.* at 113. Once an individual receives a right-to-sue letter from the EEOC, he or she has 90 days to bring a civil action against the respondent named in that charge. *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 149 (1984). This administrative process is a precondition to suit. *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 83 (2d Cir. 2001).

5

This process is "not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr.,* 466 U.S. at 152. These requirements, which are "to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." *Miller v. Int'l Tel. and Teleg. Corp.,* 755 F.2d 20, 26 (2d Cir. 1985), *cert. denied,* 474 U.S. 851 (1985).

Plaintiff has flouted this process. Plaintiff has alleged new, discrete acts of discrimination. Although Plaintiff supplies no dates for these alleged acts, she appears to have alleged that at least some of them occurred sometime after August 2007. FAC ¶ 5. This is months after the verdict against Spagnola, nearly a year after Judge Smith granted summary judgment in favor of the Authority and others, and nearly two years after Plaintiff received her right-to-sue letter from the EEOC regarding the acts of discrimination that she alleged in the 2005 Complaint.

Plaintiff filed her original complaint in this action on December 14, 2007. Docket Entry #1. This is nearly three years after she filed her EEOC charge regarding the allegations of the 2005 Complaint and over two years after having received a right-to-sue letter pertaining to those allegations. Plaintiff does not allege, nor can she allege, that she ever filed a charge with the EEOC within 300 days after the incidents alleged in the FAC, that she received a right-to-sue letter pertaining to the incidents alleged in the FAC, or that she has filed the 2007 Complaint within 90 days of receiving a right-to-sue letter from the EEOC.

Plaintiff alleges that she can disregard the administrative process because the FAC alleges retaliation for having filed an EEOC charge alleging previous acts of discrimination. FAC ¶ 2.

6

This Court need not assume the truth of this erroneous legal conclusion. *See Scalisi v. Fund Asset Mgt., L.P.,* 380 F.3d 133, 137 (2d Cir. 2004). A simple allegation of "retaliation" does not circumvent the exhaustion requirement. *See Alfonso v. Costello,* 294 F.3d 365, 382 (2d Cir. 2002) (holding that only "specific linkage between filing an EEOC charge and an act of retaliation" could meet exception to exhaustion requirement); *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1209 (2d Cir. 1993) (expressly declining to hold that all claims of retaliation are reasonably related); *Alungbe v. Board of Trustees of Conn. State Univ. Syst.,* 283 F. Supp.2d 674, 682 (D. Conn. 2003) (holding that alleged retaliation could not be reasonably related to EEOC charge that had occurred three to four years earlier).

The exhaustion requirement is a notice provision. *Miller,* 755 F.2d at 26. Its purpose is to give the administrative agency the opportunity to investigate, mediate, and take remedial action. *Stewart v. INS,* 762 F.2d 193, 198 (2d Cir. 1985). In *Stewart,* where the plaintiff alleged retaliation to have occurred during the pendency of his lawsuit, the Second Circuit found that this purpose "would be defeated if we were to permit [the plaintiff] to by-pass exhaustion." *Id.* Similarly, in cases where litigants have brought a charge before the EEOC, sued their employers, and then subsequently alleged retaliation to have occurred after the first lawsuit had terminated, courts have required these litigants to pursue their allegations with the EEOC first before suing in federal court. *See, e.g., Annett v. Univ. of Kansas,* 371 F.3d 1233, 1238 (10th Cir. 2004); *Mathews v. Columbia Coll. Chicago,* 435 F. Supp.2d 805, 812 (N.D. Ill. 2006); *Lee v. Kroger Co.,* 901 F. Supp. 1218, 1224 (S.D. Tex 1995). The same result should follow here.

Plaintiff has already sued for damages pursuant to the allegations in the 2005 EEOC charge, and the court has entered final judgments in that action. Now, two years later, Plaintiff

seeks to use the same right-to-sue letter to file a second lawsuit with new allegations. Under Plaintiff's theory, she could continue to file lawsuits alleging retaliation in perpetuity. This would subvert the entire administrative process. Plaintiff must follow the administrative process, not avoid it.

### B.     On the Merits, Plaintiff Has Not Alleged Retaliation by the Authority.

The anti-retaliation provision of Title VII, like the other anti-discrimination provisions, outlaws discrimination by an employer. 42 U.S.C. § 2000e-3(a). It does not apply to retaliation by someone other than the employee's employer. *Hale v. Marsh,* 808 F.2d 616, 619 (7th Cir. 1986) (affirming 12(b)(6) dismissal of allegation of retaliation by U.S. Army against OSHA employee); *see also DiProjetto v. Morris Protective Service,* 489 F. Supp.2d 305, 309 (W.D.N.Y. 2007) (dismissing allegations of denial of access to property on the basis of national origin by non-employer). Thus, Plaintiff can state a claim against the Authority only by alleging that the Authority committed the enumerated acts of retaliation.

To sustain a Title VII claim against an employer, a plaintiff must allege a specific basis for imputing the wrongful conduct to the employer. *Mack v. Otis Elevator Co.,* 326 F.3d 116, 122 (2d Cir. 2003). In making this determination, the court must look to principles of agency law. *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 754 (1998). The plaintiff must allege "'more than the employment relation itself' before the employer will be saddled with liability for the employee's misbehavior." *Mack,* 326 F.3d at 124 (quoting *Ellerth,* 524 U.S. at 760). Congress's decision to include an "agent" in the definition of "employer" "surely evinces an intent to place some limits on the acts of employees for which employers under Title VII are to be held responsible." *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 72 (1986).

8

Liability can be attributed to the employer when the person committing the wrongful act "was aided in accomplishing the tort by the existence of the agency relation." *Ellerth,* 524 U.S. at 759. Where the alleged wrongdoer was the plaintiff's supervisor, the employer may be held liable for tortious conduct "made possible by abuse of his supervisory authority." *Faragher v. City of Boca Raton,* 524 U.S. 775, 802 (1998). This is because "the victim may well be reluctant to accept the risks of blowing the whistle on a superior" and because the supervisor's actions "necessarily draw upon his superior position." *Id.* at 803. In particular, where a supervisor sexually harasses a subordinate, that supervisor's authority "invests his or her harassing conduct with a particular threatening character, and in this sense, a supervisor is always aided by the agency relation." *Ellerth,* 524 U.S. at 763. It is "the use of economic power of the employer exercised by the employee to whom that power has been delegated that renders the employer liable." *Mack,* 326 F.3d at 124.

However, some acts bear no relation to one's supervisory status. Anyone "can break a co-worker's arm as easily as a supervisor, and anyone who has regular contact with an employee can inflict psychological injuries by his or her offensive conduct." *Ellerth,* 524 U.S. at 762.

Here, Plaintiff has alleged only that unspecified defendants committed various unspecified acts intended to kill Plaintiff. Plaintiff has not alleged that any particular individuals even committed the alleged acts, much less that the unspecified individuals were somehow aided by their positions with the Authority. Quite the contrary, Plaintiff has specifically alleged that the conduct of all of the individuals "had nothing whatsoever to do with his duties and/or responsibilities as an employee of the Authority." FAC ¶ 5. *See also* FAC ¶¶ 7-9.

The notion that any individual's actions could have had "nothing whatsoever" to do with

9

his employment position and that the individual could have been aided by that same position simply defies logic. One can more reasonably conclude that the particular wrongs alleged, such as putting a truck in gear or tampering with an airhose, are wrongs that anyone can commit, regardless of whether he or she works for the Authority or anyone else. Accordingly, agency principles dictate that the actions of the individuals who have apparently been accused of trying to kill Plaintiff cannot be imputed to the Authority.

## II.    PLAINTIFF HAS NOT STATED A § 1983 CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.

Plaintiff's Second and Fourth Counts assert claims against the Individual Defendants for allegedly violating her rights to Equal Protection and Freedom of Speech, respectively. FAC ¶¶ 19, 23. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant violated his constitutional or federal rights and that he did so under color of state law. *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir. 1996), *cert. denied,* 520 U.S. 1155 (1997). Plaintiff has alleged neither. She has failed to alleged any facts that would demonstrate disparate treatment under the Equal Protection Clause, nor has she alleged that she exercised any protected speech of public concern that would implicate the First Amendment. Also, by alleging that the Individual Defendants acted independently from their duties with the Authority, Plaintiff has made clear that she is not alleging that the Individual Defendants acted under color of state law.

### A.    Plaintiff Has Failed To Allege Facts That Would Support an Equal Protection Claim.

Plaintiff asserts in her Second Count that the Individual Defendants violated her right to Equal Protection under the Fourteenth Amendment. FAC ¶ 19. Plaintiff asserts no facts in support of this claim; she alleges merely that the Individual Defendants caused her "to suffer

10

[unspecified] denials of her right to Equal Protection by reason of her gender." FAC ¶ 17. This does not state an Equal Protection claim under § 1983.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). The complaint must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. To state an Equal Protection claim, a plaintiff must allege that the defendant has intentionally "distinguishe[d] between individuals based on 'unreasonable, arbitrary, or capricious differences that are irrelevant to a legitimate government objective,'" *Bernheim v. Litt,* 79 F.3d 318, 323 (2d Cir. 1996) (internal citations omitted); *see also Hayden v. County of Nassau,* 180 F.3d 42, 48 (2d Cir. 1999), *overruled on other grounds by Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002).

Nowhere in the Complaint has Plaintiff alleged any purposeful discriminatory conduct based on her sex, much less that any of the Individual Defendants subjected Plaintiff to different treatment based on her sex. Plaintiff's Equal Protection claim is confined to her lone statement in paragraph 17 regarding her unspecified denials of Equal Protection based on her sex. This manner of conclusory pleading does not state a § 1983 Equal Protection claim. *See Rivera-Powell v. N.Y.C. Board of Elections,* 470 F.3d 458, 470 (2d Cir. 2006) (holding that conclusory allegation of racial discrimination in disqualifying candidate for public office did not state Equal Protection claim); *Cruz v. N.Y.C. Taxi and Limousine Comm.,* 2007 WL 4243861, at *3 (S.D.N.Y. Nov. 29, 2007) (holding that conclusory allegation that TLC had refused assistance because he was Hispanic did not state Equal Protection claim).

Nor does Plaintiff state a claim under § 1983 by alleging retaliation for a previous

11

lawsuit. Although these facts, asserted against an employer, may support a retaliation claim

under Title VII, no right exists under the Equal Protection Clause to duplicate this claim.

*Bernheim,* 79 F.3d at 323 (in affirming 12(b)(6) dismissal of putative § 1983 retaliation claim

styled as an Equal Protection claim, the Second Circuit declared that "we know of no court that

has recognized a claim under the equal protection clause for retaliation following complaints of

[] discrimination"). Plaintiff cannot use § 1983 as a vehicle to assert a putative Title VII

retaliation claim. *See also Lange v. Town of Monroe,* 213 F. Supp.2d 411, 419 (S.D.N.Y. 2002);

*Worthington v. Suffolk,* 2007 WL 2115038, at *2 (E.D.N.Y. July 20, 2007); *Luca v. Nassau,*

2007 WL 1343670, at *5 (E.D.N.Y. May 8, 2007). Notably, to do so would allow a plaintiff to

bypass Title VII's administrative exhaustion requirement and circumvent Title VII's limits on

damages. Plaintiff cannot do so, and this claim warrants dismissal.

### B.    Plaintiff Has Failed To Allege Facts That Would Support a First Amendment Retaliation Claim.

In her Fourth Cause of Action, Plaintiff asserts that the Individual Defendants retaliated

against her in violation of the First Amendment. FAC ¶ 23. She alleges that the Individual

Defendants have attempted to kill or injure Plaintiff for having filed suit for sexual harassment

against the Authority and for having obtained a verdict adverse to Spagnola. FAC ¶¶ 3-5, 10-14,

17. These allegations do not support a claim under § 1983.

A First Amendment retaliation claim has two elements: (1) protected speech, and (2) an

adverse employment action as a result of that protected speech. *Ezekwo v. N.Y.C. Health &*

*Hosps. Corp.,* 940 F.2d 775, 780 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991). To qualify

as protected speech under the first element, a public employee's speech must be a matter of

public concern, and not a matter solely of personal interest. *Connick v. Myers,* 461 U.S. 138, 147

12

(1983). Whether the speech addresses a matter of public concern depends on the content, form, and context of the given statement. *Id.* at 147-48. The inquiry into the speech's protected status is one of law, not fact. *Id.* at 148 n.7.

In making that determination, the "heart of the matter is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'" *Ruotolo v. City of New York,* 514 F.3d 184, 189 (2d Cir. 2008) (quoting *Lewis v. Cowen,* 165 F.3d 154, 163-64 (2d Cir. 1999), *cert. denied,* 528 U.S. 823 (1999)). Matters purely of personal interest or to redress personal grievances will not qualify as public concerns. *Tiltti v. Weise,* 155 F.3d 596, 602 (2d Cir. 1998); *De Los Santos v. City of New York,* 482 F. Supp.2d 346, 353 (S.D.N.Y. 2007). When an employee "is 'not on a mission to protect the public welfare' but hopes merely to prosecute his own grievances, he has failed to implicate the public concern." *Thorpe v. Luisi,* 2005 WL 1863671, at *6 (S.D.N.Y. Aug. 4, 2005) (quoting *Ezekwo,* 940 F.2d at 781).

Where the speech at issue is a lawsuit, the content of the suit determines whether the First Amendment applies. *Ruotolo,* 514 F.3d at 186. In *Ruotolo,* a retired police officer alleged acts of retaliation for having filed a lawsuit against the police department for earlier retaliation for having made a report about possible environmental hazards. *Id.* at 186-87. In affirming the Rule 12(b)(6) dismissal, the Second Circuit held that because the first lawsuit had sought to redress personal grievances, it did not seek to advance a public purpose. *Id.* at 189.

Here, the speech in question is Plaintiff's 2005 lawsuit against Spagnola and others. Just as the plaintiff in *Ruotolo* had sought to redress personal grievances in his first action, Plaintiff in this action has similarly sought solely to redress personal grievances by her 2005 action.

13

Plaintiff's 2005 Complaint alleged that Spagnola had subjected her to unwelcome sexual advances, observed her through binoculars, stared at her, telephoned her at her home, and invited himself to her home. Ex. A, ¶ 10. Plaintiff further alleged that when she had rebuffed Spagnola, Spagnola retaliated against her with negative performance evaluations and that supervisors had not properly addressed the issue. Ex. A, ¶¶ 11-14. These allegations relate solely to Plaintiff. Consequently, the 2005 Complaint does not qualify as protected speech. *See also Payne v. Meeks,* 200 F. Supp.2d 200, 206 (E.D.N.Y. 2002) (holding that lawsuit for sexual assault did not implicate public concern); *Carrero v. N.Y.C. Housing Auth.,* 975 F. Supp. 501, 510 (S.D.N.Y. 1997) (holding that lawsuit for sexual harassment did not implicate public concern).

In other cases where complaints of sexual harassment concern only the plaintiff, courts have repeatedly held that retaliation for such complaints raised only a private concern and thus was not actionable under § 1983. *See, e.g., Saulpaugh v. Monroe Comm. Hosp.,* 4 F.3d 134, 143 (2d Cir. 1993), *cert. denied,* 510 U.S. 1164 (1994); *Bland v. State of New York,* 263 F. Supp.2d 526, 545 (E.D.N.Y. 2003); *Collins v. Christopher,* 48 F. Supp.2d 397, 409 (S.D.N.Y. 1999); *Settecase v. Port Auth. of N.Y. and N.J.,* 13 F. Supp.2d 530, 536 (S.D.N.Y. 1998); *Carrero,* 975 F. Supp. at 510; *Reidinger v. D'Amicantino,* 974 F. Supp. 322, 330 (S.D.N.Y. 1997); *Sebold v. Middletown,* 2007 WL 2782527, at *28 (D. Conn. Sept. 21, 2007); *DeFilippo v. N.Y.S. Unified Court Sys.,* 2006 WL 842400, at *15 (E.D.N.Y. Mar. 27, 2006), *aff'd,* 223 Fed. Appx. 45 (2d Cir. 2007); *Alexander v. City of New York,* 2004 WL 1907432, at *13 (S.D.N.Y. Aug. 25, 2004). Here, the allegations of sexual harassment in Plaintiff's 2005 Complaint pertain exclusively to herself. All of the allegations in the 2005 Complaint are "personal in nature and generally related to her own situation." *Ezekwo,* 940 F.2d at 781.

14

Nowhere in the 2005 Complaint does Plaintiff allege that she is attempting to address a broader public purpose, such as "to debate issues of sex discrimination" or to be "part of an overall effort to correct allegedly unlawful practices or bring them to public attention." *Saulpaugh,* 4 F.3d at 143. The 2005 Complaint focuses entirely on Plaintiff's own personal situation. As such, it does not raise First Amendment concerns. Accordingly, any alleged retaliation against Plaintiff for her 2005 sexual-harassment complaint fails to state a § 1983 claim and requires dismissal.

### C.    Plaintiff Has Not Alleged That the Individual Defendants Acted Under Color of State Law.

A state official acts under color of state law when that official exercises a power he possesses by virtue of state law and made possible only because he is cloaked with the authority of law. *Colombo v. O'Connell,* 310 F.3d 115, 117-18 (2d Cir. 2002), *cert. denied,* 538 U.S. 961 (2003). The official acting under color of law "abuses the position given to him by the State." *Kern,* 93 F.3d at 43. The officer's behavior must have an actual or purported relationship with his duties. *Banisaied v. Clisham,* 992 F. Supp. 128, 130 (D. Conn. 1998).

On the other hand, public officers' acts "in the ambit of their personal pursuits are plainly excluded." *Pitchel v. Callan,* 13 F.3d 545, 548 (2d Cir. 1994) (citing *Screws v. U.S.,* 325 U.S. 91 (1945)). Section 1983 excludes private conduct, "no matter how discriminatory or wrongful." *Amer. Manufacturers Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Private violence, even violence committed by a state officer, "has different legal ramifications than violence attributable to state action." *Banisaied,* 992 F. Supp. at 131.

Here, Plaintiff has explicitly alleged that the conduct of the Individual Defendants "had nothing whatsoever to do with [their] duties and/or responsibilities as an employee of the

Authority." FAC ¶ 5. *See also* FAC ¶¶ 7-9. One simply cannot square this allegation with the notion that the Individual Defendants acted with powers they possessed only by virtue of their position with the Authority or that they abused their position with the Authority. Plaintiff has explicitly alleged that the Individual Defendants acted in the ambit of their personal pursuits and that their alleged behavior had no actual or purported relationship with their duties.

Plaintiff has also failed to allege any contrary facts from which one can infer that the Individual Defendants committed any wrongs under color of state law. An official does not act under color of law where any citizen may perform that act. *Carlos v. Santos,* 123 F.3d 61, 65 (2d Cir. 1997). State authority could not have enabled the Individual Defendants to tamper with Plaintiff's air hose, tamper with Plaintiff's truck, or otherwise try to kill or injure Plaintiff. Any citizen may perform such acts. This action is akin to *Pitchell,* in which an off-duty police officer shot a guest in his home. 13 F.3d at 548. Just as the police officer in *Pitchell* had not acted with the actual or pretended authority of the state, the Individual Defendants have not acted with such actual or pretended authority. Consequently, they have not acted under color of state law. Plaintiff cannot sustain her Second and Fourth Claims.

## III.    PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO STATE A CONSPIRACY CLAIM.

In her Third Count, Plaintiff asserts a conspiracy among the Individual Defendants to violate Plaintiff's civil rights under 42 U.S.C. § 1985(2). This count cannot stand because Plaintiff has not alleged facts that would support a claim of conspiracy.

Vague, conclusory allegations of a conspiracy cannot survive a motion to dismiss. *Polur v. Raffe,* 912 F.3d 52, 56 (2d Cir. 1990), *cert. denied,* 499 U.S. 937 (1991). A detailed fact pleading is necessary because a conspiracy claim, in particular, is the kind of claim that is "so

16

easily made and can precipitate such protracted proceedings with such disruption of governmental functions." *Angola v. Civiletti,* 666 F.2d 1, 4 (2d Cir. 1981). Thus, the complaint must include "sufficient facts to establish the required elements, not merely vague and conclusory statements that track the statutory language." *Kuriakose v. City of Mt. Vernon,* 41 F. Supp.2d 460, 465 (S.D.N.Y. 1999) (Parker, J.), *app. dismissed,* 22 Fed. Appx. 44 (2d. Cir. Oct. 23, 2001). Plaintiff must allege facts leading to a reasonable inference of a conspiracy to deprive her of a recognized constitutional right. *Romer v. Morgenthau,* 119 F. Supp.2d 346, 364 (S.D.N.Y. 2000).

To survive a motion to dismiss, a plaintiff must allege specific facts supporting a meeting of the minds to achieve the unlawful end. *Webb v. Goord,* 340 F.3d 105, 110-111 (2d Cir. 2003), *cert. denied,* 540 U.S. 1110 (2004); *Julian v. N.Y.C. Transit Auth.,* 857 F. Supp. 242, 252 (E.D.N.Y. 1994). The complaint must allege facts that would demonstrate concerted action. *Hickey-McAllister v. British Airways,* 978 F. Supp. 133, 140 (E.D.N.Y. 1997). A simple allegation that a defendant acted "in furtherance of the conspiracy" is insufficient. *Id.* at 139. Nor can a plaintiff rest on the allegation that defendants "conspired together" or "knowingly acted in collusion." *Rigby v. Coughlin,* 730 F. Supp. 1196, 1200 (N.D.N.Y. 1990). Rather, Plaintiff must allege "with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Thomas v. Roach,* 165 F.3d 137, 147 (2d Cir. 1999). Plaintiff must provide specific instances of misconduct, including time and place, which specify in detail the factual basis necessary to enable defendants to prepare their defense intelligently. *Ciambriello v. County of Nassau,* 292 F.3d 307, 325 (2d Cir. 2002); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977).

17

Plaintiff has not met this pleading standard. She has alleged only that the Individual Defendants "entered into a conspiratorial agreement . . . to kill and/or cause the death of Plaintiff." FAC ¶ 5. Plaintiff has not alleged any particularized facts that would demonstrate concerted action, nor has she alleged any facts that would demonstrate an agreement of any kind. To the extent that Plaintiff alleges that the Individual Defendants acted while on the job or with the approval or encouragement of the Authority, the Individual Defendants all acted as agents of the Authority, and thus the intra-corporate conspiracy would bar her claim because a corporate entity cannot conspire with itself. *Hermann v. Moore,* 576 F.2d 453, 459 (2d Cir. 1978), *cert. denied,* 439 U.S. 1003 (1978); *Henneberger v. Nassau,* 465 F. Supp.2d 176, 196 (E.D.N.Y. 2006) (holding that employees of county could not conspire to discriminate against plaintiff on basis of age); *Cameron v. Church,* 253 F. Supp.2d 611, 623 (S.D.N.Y. 2003) (holding that agents of county could not conspire to force plaintiff's resignation). Even assuming, as Plaintiff conclusorily alleges, that the Individual Defendants committed wrongful acts outside the scope of their agency with the Authority, Plaintiff still has not alleged any facts that would establish that any of the Individual Defendants participated in a conspiracy.

A conspiracy claim cannot survive without "specific factual allegations as to the participation of a *particular defendant* in the conspiracy." *Mass v. McClenahan,* 893 F. Supp. 225, 231 (S.D.N.Y. 1995) (emphasis added). *See also San Filippo v. U.S. Trust Co. of New York, Inc.,* 737 F.2d 246, 256 (2d Cir. 1984) (holding that allegation of "routine and necessary" meeting with defendants did not state conspiracy claim), *cert. denied,* 470 U.S. 1035 (1985); *Buck v. Bd. of Elections of City of N.Y.,* 536 F.2d 522, 525 (2d Cir. 1976) (affirming 12(b)(6) dismissal where no factual allegation tied any particular defendant to conspiracy); *Berk v. City of*

18

*N.Y.,* 2004 WL 1918701, at \*7 (S.D.N.Y. Aug. 20, 2004) (dismissing conspiracy claim where complaint had not alleged with particularity overt acts by particular defendants). Plaintiff has not made a single allegation of an overt act by any individual. She repeatedly alleges that unspecified "Defendants" committed various vague wrongful acts on unspecified dates in unspecified places. *See* FAC ¶¶ 11-14. This does not tie any particular Individual Defendant to any alleged conspiracy. Nor do such vague allegations specify in detail the factual basis necessary to enable the Individual Defendants to prepare their defense intelligently. Simply accusing "Defendants" of bad acts does not establish a conspiracy. *See Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir. 1983) (affirming 12(b)(6) dismissal against prison officials where plaintiff did not know which officials had seized his property), *cert. denied,* 464 U.S. 857 (1983); *Marshel v. Westchester County,* 1999 WL 1256252, at \*5 (S.D.N.Y. Dec. 27, 1999) (dismissing conspiracy claim where prison guards had beaten prisoner and caused serious injuries). These vague, conclusory allegations cannot survive a motion to dismiss.

## IV.  DISMISSAL OF THE FIRST FOUR CLAIMS WARRANTS DISMISSAL OF PLAINTIFF'S STATE-LAW CLAIM FOR LACK OF SUBJECT-MATTER JURISDICTION.

As shown *supra,* Plaintiff cannot maintain any of her first four claims. The sole remaining claim is her claim against the Individual Defendants under the New York State Human Rights Law. This Court has jurisdiction over this claim only by virtue of its supplemental jurisdiction under 28 U.S.C. § 1367. This Court has the discretion to dismiss the remaining state-law claim when no federal claims remain. *Valencia ex. rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003). At this early stage, the interests of judicial economy warrant doing so.[4]

---

[4]This Court may also dismiss this claim on the ground that Plaintiff has not asserted a claim for discrimination against her employer. *See* Section I.B, *supra.*

19

## CONCLUSION

The First Amended Complaint fails to cure the deficiencies of the 2007 Complaint and

adds a new deficiency. Plaintiff still has not exhausted her administrative remedies under Title

VII, nor has she alleged any facts that would demonstrate different treatment on account of her

sex, speech regarding a public concern, or concerted action by each Individual Defendant to

achieve an unlawful end. Moreover, her new allegation directly contravenes the notion that the

Individual Defendants could have acted as agents of the Authority. In short, Plaintiff has failed

to state any claim that this Court can entertain. This Court should dismiss this case.

Dated: New York, New York
       March 17, 2008

                                    Respectfully submitted,

                                    ANDREW M. CUOMO
                                    Attorney General of the State of New York
                                    *Attorney for Defendants Richard Iuele, Donny*
                                    *Eschrich, Kevin Dloughy, Ramesh Mehta, and New*
                                    *York State Thruway Authority*

                        By:     /s/ Joshua Pepper
                                    JOSHUA PEPPER
                                    Assistant Attorney General
                                    120 Broadway, 24th floor
                                    New York, NY 10271
                                    tel: 1-212-416-8567
                                    fax: 1-212-416-6075

JOSHUA PEPPER
Assistant Attorney General
 *Of Counsel*

20