UNITED STATES DISTRICT COURT             Original Filed by ECF
SOUTHERN DISTRICT OF NEW YORK

JULIA BASILE,

                             Plaintiff,

   -against-

WALTER SPAGNOLA, individually,             Docket Number 07-Civ.-11247
DONNY ESCHRICH, individually,               (CLB) (LMS)
KEVIN DELOWE, individually,
RICHARD IUELE, individually,
RAMESH MEHTA, individually, and
NEW YORK STATE THRUWAY AUTHORITY,

                             Defendants.


**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT**

                                       ANDREW M. CUOMO
                                       Attorney General of the
                                         State of New York
                                      *Attorney for the Defendants*
                                      120 Broadway
                                      New York, New York 10271
                                      (212) 416-8567


JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     PLAINTIFF CANNOT MAINTAIN A TITLE VII ACTION
AGAINST THE AUTHORITY BECAUSE SHE HAS NOT EXHAUSTED HER
ADMINISTRATIVE REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    PLAINTIFF HAS NOT STATED A § 1983 CLAIM AGAINST THE
INDIVIDUAL DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.     Plaintiff Has Failed To Allege Facts That Would Support a
First Amendment Retaliation Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.     Plaintiff Has Failed To Allege Facts That Would Support
An Equal Protection Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        C.     Plaintiff Does Not Allege That the Individual Defendants
Acted Under Color of State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.    PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO
STATE A CONSPIRACY CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.    DISMISSAL OF THE FEDERAL CLAIMS WARRANTS DISMISSAL
OF THE STATE-LAW CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page**

*Bell Atlantic Corp. v. Twombly*,
      127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Bernheim v. Litt*,
      79 F.3d 318 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Buck v. Board of Elections of City of N.Y.*,
      536 F.2d 522 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cameron v. Johnson*,
      390 U.S. 611 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Connell v. Signoracci*,
      153 F.3d 74 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Demoret v. Zegarelli*,
      451 F.3d 140 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ezekwo v. N.Y.C. Health & Hospitals Corp.*,
      940 F.2d 775 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991) . . . . . . . . . . . . . . . . . . . 3

*Ferran v. Town of Nassau*,
      471 F.3d 363 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Galabaya v. N.Y.C. Board of Education*,
      202 F.3d 636 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Girard v. 94th St. and Fifth Avenue Corp.*,
      530 F.2d 66 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hankard v. Town of Avon*,
      126 F.3d 418 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hickey-McAllister v. British Airways*,
      978 F. Supp 133 (E.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kern v. City of Rochester*,
      93 F.3d 38 (2d Cir. 1996), *cert. denied,* 520 U.S. 1155 (1997) . . . . . . . . . . . . . . . . . . . . . 3

*Laird v. Tatum*,
    408 U.S. 1 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mack v. Otis Elevator Co.*,
    326 F.3d 116 (2d Cir. 2003), *cert. denied,* 540 U.S. 1016 (2003) . . . . . . . . . . . . . . . . . . . 2

*Malarkey v. Texaco*,
    983 F.2d 1204 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mass v. McClenahan*,
    893 F. Supp. 225 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Murphy v. Board of Education of the Rochester City Sch. Dist.*,
    273 F. Supp. 2d 292 (W.D.N.Y. 2003), *aff'd,* 106 Fed. Appx. 746
    (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*National R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Perkins v. Kamco Supply Co.*,
    2007 WL 4209193 (S.D.N.Y. Nov. 27, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rivera-Powell v. N.Y.C. Board of Elections*,
    470 F.3d 458 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rose v. Zillioux,*
    84 Fed. Appx. 107, 2003 WL 22849850 (2d Cir. Dec. 2, 2003) . . . . . . . . . . . . . . . . . . . 7

*San Filippo v. U.S. Trust Co. of N.Y., Inc.*,
    737 F.2d 246 (2d Cir. 1984), *cert. denied,* 470 U.S. 1035 (1985) . . . . . . . . . . . . . . . . . . 7

*Scalisi v. Fund Asset Management, L.P.*,
    380 F.3d 133 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Spear v. Town of West Hartford*,
    954 F.2d 63 (2d Cir. 1992), *cert. denied,* 506 U.S. 819 (1992) . . . . . . . . . . . . . . . . . . . . 5

*Waters v. Churchill*,
    511 U.S. 661 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Webb v. Goord*,
    340 F.3d 105 (2d Cir. 2003), *cert. denied,* 540 U.S. 1110 (2004) . . . . . . . . . . . . . . . . . . 7

*Weeks v. N.Y.S. Division of Parole*,
 273 F.3d 76 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Younger v. Harris*,
 401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Zelnik v. F.I.T.*,
 464 F.3d 217 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**Federal Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
42 U.S.C. § 1985(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PRELIMINARY STATEMENT**

This Reply Memorandum of Law is submitted on behalf of Defendants RICHARD IUELE ("Iuele"), DONNY ESCHRICH ("Eschrich"), KEVIN DLOUGHY ("Dloughy"), RAMESH MEHTA ("Mehta") (collectively the "Individual Defendants")[1] and NEW YORK STATE THRUWAY AUTHORITY (the "Authority") in further support of their motion to dismiss the First Amended Complaint ("FAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

To survive a 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).  While the Court views the facts in the light most favorable to the non-moving party, the court need not accept as true the non-movant's legal conclusions or unwarranted deductions of fact. *Scalisi v. Fund Asset Mgmt., L.P.,* 380 F.3d 133, 137 (2d Cir. 2004).  Instead of coming forward with sufficient facts to give the defendants notice of her claims, Plaintiff repeatedly asserts unavailing legal conclusions and characterizes them as "incontrovertible factual allegations."  Plaintiff's Memorandum of Law in Opposition to Motion To Dismiss ("Pl. Mem."), at 2.  These assertions fail to satisfy even the barest of pleading standards. None of her allegations articulate sufficient facts to state plausible claims for relief.

---

[1] The Attorney General does not represent Walter Spagnola ("Spagnola"), another individual defendant in this action.  The term "Individual Defendants" will refer only to those individuals represented by the Attorney General.

**ARGUMENT**

I. **PLAINTIFF CANNOT MAINTAIN A TITLE VII ACTION AGAINST THE AUTHORITY BECAUSE SHE HAS NOT EXHAUSTED HER ADMINISTRATIVE REMEDIES.**

Plaintiff's Title VII claim fails because she has not exhausted her administrative remedies. Plaintiff has only recently filed a new EEOC charge purportedly relating to issues raised herein, *see* Pl. Mem., at 10, thus substantiating her failure to exhaust. As such, her Title VII claim requires dismissal.[2]

To the extent that Plaintiff continues to rely on her 2005 EEOC charge, her reliance is misplaced. Pl. Mem., at 10-11. The Second Circuit has expressly declined to establish a blanket rule that all retaliation claims are *per se* reasonably related to the previous claims. *Malarkey v. Texaco,* 983 F.2d 1204, 1209 (2d Cir. 1993).

Moreover, Plaintiff seeks not to add to an EEOC charge and litigate filed and unfiled charges together in a single suit filed within 90 days of a right-to-sue letter. Rather, she seeks to use the charge from a fully litigated claim to file a second lawsuit two years later. This would be an unprecedented expansion of the reasonably-related doctrine and would conflict with the principle elucidated in *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 111 (2002), that procedural requirements require strict adherence and that each discriminatory act is separate. Plaintiff's disregard of these procedural requirements impermissibly circumvents her duty to exhaust.

---

[2]Insofar as Plaintiff now appears to allege a retaliatory hostile work environment claim, the actions of any co-workers (Dloughy) are not attributable to the Authority. *Mack v. Otis Elevator Co.,* 326 F.3d 116, 123 (2d Cir. 2003), *cert. denied,* 540 U.S. 1016 (2003).

II.  **PLAINTIFF HAS NOT STATED A § 1983 CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant violated his constitutional or federal rights under color of state law. *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir. 1996), *cert. denied,* 520 U.S. 1155 (1997). Plaintiff's arguments fail to establish either a First Amendment claim or an Equal Protection claim. They similarly fail to show action under color of state law.

### A. Plaintiff Has Failed To Allege Facts That Would Support a First Amendment Retaliation Claim.

Citing no legal authority for her claim, Plaintiff argues that she has been "prospectively chilled" from speaking out regarding various wrongdoing engaged in by the Authority. Pl. Mem., at 14-15. The nature of Plaintiff's First Amendment claim remains far from clear. Nonetheless, to the extent that her claim can be gleaned from the FAC, a bare allegation of a subjective "chill" does not state a cause of action. *Laird v. Tatum,* 408 U.S. 1, 13-14 (1972).

When plaintiffs allege that government laws or policies prospectively chill First Amendment rights, the court will strike down such policies. Even if this were such a case, the mere existence of a "chilling effect" is insufficient to prohibit government action. *Younger v. Harris,* 401 U.S. 37, 50 (1971); *Cameron v. Johnson,* 390 U.S. 611, 619 (1968). In any event, Plaintiff neither alleges a government policy prohibiting her from speaking out about these issues nor asks this Court for injunctive relief. She wants monetary damages.

If Plaintiff is asserting a claim for retaliation, then she must allege (1) protected speech and (2) adverse action as a result of that speech. *Ezekwo v. N.Y.C. Health & Hosps. Corp.,* 940 F.2d 775, 780-81 (2d Cir. 1991), *cert. denied,* 502 U.S. 1013 (1991). Under an alternate test,

3

Plaintiff must allege (1) an interest that the First Amendment protects, (2) actions that were motivated or substantially caused by the exercise of that right, and (3) actual chill of the exercise of that right. *Connell v. Signoracci,* 153 F.3d 74, 79 (2d Cir. 1998). While the Second Circuit has never held that public employees must show that a defendant's actions had an actual chilling effect, the Court has indicated that a public employee must show that an adverse action would deter a similarly situated person of ordinary firmness. Public employees must show (1) speech on a matter of public concern rather than personal interest, (2) an adverse employment action that would deter a similarly situated person from exercising her rights, and (3) that the speech was at least a substantial or motivating factor. *Zelnik v. F.I.T.,* 464 F.3d 217, 225 (2d Cir. 2006). Plaintiff has alleged no facts to satisfy any of the above tests.

 First and most notably, Plaintiff does not allege that she has ever spoken to anyone about these issues. Nor does she allege that she has ever attempted to speak about these issues, threatened to speak out about them, or planned to speak about them. These issues first surfaced in Plaintiff's FAC, in which she apparently has not felt so chilled. FAC ¶ 17. Thus, Plaintiff fails to allege that she has engaged in any speech, much less speech on a matter of public concern.

 Plaintiff also fails to allege any causal connection between her hypothetical prospective speech and any adverse action. Plaintiff does not allege a single fact indicating that the Individual Defendants acted with even a partial motivation to prevent Plaintiff from speaking about these issues. A retaliation claim requires defendants to have intended to retaliate for what they reasonably believed was First-Amendment-protected action. *Waters v. Churchill,* 511 U.S. 661, 677-78 (1994). Here, Plaintiff does not allege that the Individual Defendants knew about these

4

issues, that they had any idea that Plaintiff desired to speak about these issues, or that these issues helped motivate them to take the complained-of actions against Plaintiff. *Accord Ferran v. Town of Nassau,* 471 F.3d 363, 370 (2d Cir. 2006).

Even with respect to the last element of the second test, a bare assertion of a chilling effect does not defeat a 12(b)(6) motion. *Spear v. Town of West Hartford,* 954 F.2d 63, 67 (2d Cir. 1992), *cert. denied,* 506 U.S. 819 (1992). The law requires specific allegations that are not "speculative, indirect, and remote." *Hankard v. Town of Avon,* 126 F.3d 418, 424 (2d Cir. 1997). Here, Plaintiff alleges only that she was "prospectively chilled," with no facts as to what she wanted to say, to whom she would have said it, or how the Individual Defendants prevented her from saying anything. This does not state a plausible First Amendment retaliation claim.

### B. Plaintiff Has Failed To Allege Facts That Would Support an Equal Protection Claim.

To state an Equal Protection claim, a plaintiff must allege that the defendant has intentionally distinguished between individuals based on protected characteristics, such as sex. *Bernheim v. Litt,* 79 F.3d 318, 323 (2d Cir. 1996). A conclusory allegation, without evidentiary support or allegations of particularized incidents, cannot withstand a motion to dismiss. *Rivera-Powell v. N.Y.C. Board of Elections,* 470 F.3d 458, 470 (2d Cir. 2006). Here, Plaintiff argues merely that it is "beyond dispute that [the Individual Defendants] all *retaliated* against Ms. Basile for the same reason — her gender and her refusal to accede to Spagnola's sexual misconduct." Pl. Mem., at 15 (emphasis added). Plaintiff also argues that "because she is female she [has] been subjected to equipment sabotage and attempts to murder." Pl. Mem., at 16. These bald conclusions allege no facts that would show that the Individual Defendants treated men better

5

than they treated women. Because Plaintiff frames these acts as retaliatory, *i.e.,* to punish her for her prior actions, her claim does not lie as sex discrimination. *Bernheim,* 79 F.3d at 323.

In any event, she has failed to allege that she was treated differently from similarly situated persons on the basis of her sex. Plaintiff argues that the Authority granted her request to transfer her to a different worksite, thus protecting her from the Individual Defendants' alleged murder attempts, but did not transfer Spagnola. Pl. Mem., at 16. First, the Individual Defendants are not the Authority. Second, Plaintiff alleges no facts that would suggest that Spagnola is similarly situated, where Spagnola has never requested a transfer and has never complained that anyone has attempted to cause him serious harm, let alone attempted to murder him. *See Demoret v. Zegarelli,* 451 F.3d 140, 150 (2d Cir. 2006). Third, Plaintiff offers no justification why she should have the right to dictate Authority personnel decisions regarding Authority supervisors, nor does she explain how transferring Spagnola alone would have protected her from the other Individual Defendants who are allegedly trying to kill her. Under the circumstances, it was well within the Authority's discretion to transfer Plaintiff, given her apparent allegations that she was in danger at her prior location.

Fourth, an Equal Protection claim for unequal treatment requires, *inter alia,* an adverse act. *Demoret,* 451 F.3d at 151. Even assuming that "constructive transfer" exists, a transfer is not adverse unless it "results in a change in responsibilities so significant as to constitute a setback to the plaintiff's career." *Galabaya v. N.Y.C. Bd. of Educ.,* 202 F.3d 636, 641 (2d Cir. 2000); *Murphy v. Bd. of Educ. of the Rochester City Sch. Dist.,* 273 F. Supp.2d 292, 304 (W.D.N.Y. 2003), *aff'd,* 106 Fed. Appx. 746 (2d Cir. 2004). *See also Weeks v. N.Y.S. Div. of Parole,* 273 F.3d 76, 86-87 (2d Cir. 2001), *abrogated on other grounds by Morgan,* 536 U.S. at

111. Plaintiff alleges no decrease in salary or benefits and no detriment in working conditions from the transfer.

  **C.** **Plaintiff Does Not Allege That the Individual Defendants Acted Under Color of State Law.**

Plaintiff argues that the Individual Defendants acted under color of state law merely because they allegedly committed acts "while at work for the State and on State owned property." Pl. Mem., at 17. Although the Second Circuit has not issued a published opinion on this point, in *Rose v. Zillioux,* 84 Fed. Appx. 107, 2003 WL 22849850, at *2 (2d Cir. Dec. 2, 2003) (summary order), where an employee of the New York State Canal Corporation sexually abused a young girl at his workplace, it explicitly rejected that argument.

**III.** **PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE A CONSPIRACY CLAIM.**

To survive a motion to dismiss, a conspiracy claim must contain specific factual allegations supporting a meeting of the minds to achieve the unlawful end. *Webb v. Goord,* 340 F.3d 105, 110-111 (2d Cir. 2003), *cert. denied,* 540 U.S. 1110 (2004). The claim must include "specific factual allegations as to the participation of a particular defendant in the conspiracy." *Mass v. McClenahan,* 893 F. Supp. 225, 231 (S.D.N.Y. 1995); *accord San Filippo v. U.S. Trust Co. of N.Y., Inc.,* 737 F.2d 246, 256 (2d Cir. 1984), *cert. denied,* 470 U.S. 1035 (1985); *Buck v. Bd. of Elections of City of N.Y.,* 536 F.2d 522, 525 (2d Cir. 1976) (affirming 12(b)(6) dismissal where no factual allegation tied any particular defendant to conspiracy). Plaintiff's FAC is completely bereft of allegations of actions taken by the Individual Defendants *together* for any purpose that § 1985(2) proscribes. Contrary to Plaintiff's argument, three incidents of attempted murder not attributed to any particular individual are not "quite specific as to who did what." Pl.

Mem., at 18.  Nor do these unattributed incidents show meeting of the minds or concerted action.

Plaintiff also alleges two statements: Dloughy stated that he wanted to "break her balls," and Eschrich said that Plaintiff "deserves whatever she gets."  Pl. Mem., at 21; FAC ¶¶ 12, 15.  These alleged statements do not demonstrate concerted action directed against Plaintiff.  *See Hickey-McAllister v. British Airways,* 978 F. Supp 133, 140 (E.D.N.Y. 1997) (holding that individual reactions did not show concerted action).

Plaintiff also argues that the intra-corporate conspiracy doctrine should not apply because the Individual Defendants acted with a "personal stake in illegal conduct."  Pl. Mem., at 22.  A mere personal stake does not circumvent the intra-corporate conspiracy doctrine.  Plaintiff would have to allege that the Individual Defendants "acted other than in the normal course of their corporate duties."  *Girard v. 94th St. and Fifth Ave. Corp.,* 530 F.2d 66, 72 (2d Cir. 1976).  Plaintiff repeatedly argues the opposite, namely that they are acting as employees of the Authority.  *See* Pl. Mem., at 11-12, 14, 17, 18, 19, 21.  *See also Perkins v. Kamco Supply Co.,* 2007 WL 4209193, at *4 (S.D.N.Y. Nov. 27, 2007) (holding that intra-corporate conspiracy doctrine barred claim that lacked allegation that employees acted outside the scope of their employment).

IV.   **DISMISSAL OF THE FEDERAL CLAIMS WARRANTS DISMISSAL OF THE STATE-LAW CLAIMS.**

Plaintiff concedes that the state-law claims can survive only with the federal claims.  Pl. Mem., at 22-23.  As such, this claim similarly warrants dismissal.

8

## CONCLUSION

Plaintiff's bald conclusions fail to establish any claims for relief. The FAC warrants dismissal on all counts.

Dated: New York, New York
April 7, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
*Attorney for Defendants Richard Iuele, Donny Eschrich, Kevin Dloughy, Ramesh Mehta, and New York State Thruway Authority*

By: /s/ Joshua Pepper
JOSHUA PEPPER
Assistant Attorney General
120 Broadway, 24th floor
New York, NY 10271
tel: 1-212-416-8567
fax: 1-212-416-6075

JOSHUA PEPPER
Assistant Attorney General
*Of Counsel*

9